GEORGE L. BOSTWICK

v.

JOHN H. WILLIAMS, SURVIVOR OF A. AND J. H. WILLIAMS.

1. COVENANT FOR TITLE — *covenant to convey with general warranty — when performed.* Where a vendor of land has covenanted to convey by "a good and sufficient deed of general warranty," it is not essential to the performance of the covenant that his wife should join in the deed and release her right of dower. If he tenders a deed executed by himself alone, containing the covenant stipulated for, that is a performance of his agreement.

2. Such a covenant to convey amounts to no more than an engagement that it shall bar the covenantor and his heirs from ever claiming the land, and that he and his heirs shall undertake to defend it when assailed by a paramount title.

3. SAME — *covenant of general warranty does not include a covenant against incumbrances.* There seems to be no authority in the books for the suggestion that a covenant of general warranty, by itself, includes a covenant against incumbrances.

4. SAME — *covenant against incumbrances — what it embraces.* But even where there is a covenant to convey free and clear of all incumbrances, it has been held that a possibility of dower is not, within the sense of such a covenant, an incumbrance, for that means a settled, fixed incumbrance.

5. SAME — *covenant of general warranty — of its character, and when broken.* A covenant of general warranty is usually treated as synonymous with a covenant for quiet enjoyment, since the same concurrence of circumstances is necessary to their breach; they equally possess the capacity of running with the land, and the rules as to the measure of damages are the same in both.

6. A covenant of general warranty cannot be broken until there is an eviction, or something equivalent to an eviction.

7. Should the wife of the grantor in a deed containing such a covenant, but whose right of dower was not released thereby, become a widow and claim and recover her dower in a mode by which the grantee might be injured, he would be able to obtain recompense on the covenant in his deed.

WRIT OF ERROR to the Circuit Court of Warren county; the Hon. CHARLES B. LAWRENCE, Judge, presiding.

This was an action of assumpsit, commenced in the court below, on the 12th day of August, 1862, by Archibald Williams and John H. Williams, for the use of Solomon Strauss, against George L. Bostwick, upon a promissory note executed

by the defendant on the 27th day of December, 1856, payable to the plaintiffs by the name and style of A. and J. H. Williams, or bearer, on or before the 1st day of January, 1859, for the sum of $533.33, with six per cent. interest.

The defense interposed is set up in a special plea, in which the defendant avers, that upon the execution of the note sued upon, the plaintiffs executed and delivered to him a certain contract, in writing, bearing even date therewith, which contract is as follows:

" Whereas, V. H. Marshall, as agent for A. & J. H. Williams, did agree to sell to George L. Bostwick the northeast ¼ of Sec. 27, Township 9 north, Range one west, for the sum of sixteen hundred dollars, three dollars of which is paid in hand; and said Bostwick gave his three several promissory notes, one payable April 1st, 1857, for the sum of five hundred and thirty-three 33-100 dollars, another payable on the 1st day of Jan., 1858, for $533.33, and the third payable on the 1st day of January, 1859, for $533.33, all payable to V. H. Marshall, and drawing interest at the rate of 6 per cent. per annum; and whereas the said ―――― gave his individual bond for a deed upon the payment of the said notes: Therefore, this instrument witnesseth, that said bond and notes are to be canceled and other notes given to the said A. & J. H. Williams, of the same import, by the said Bostwick, and upon the payment to said A. & J. H. Williams of said notes, with all the interest, the said A. & J. H. Williams hereby agree to make, execute and deliver to the said George L. Bostwick, a good and sufficient deed of general warranty for said premises, it being the understanding that said Bostwick is to pay all taxes on said premises for the year 1856, and all subsequent taxes, and he is also to take immediate possession of the premises.

" In witness whereof, we have hereunto set our hands, this 27th day of December, A. D. 1856.

A. &amp; J. H. WILLIAMS.<br>GEO. L. BOSTWICK."

The defendant avers, that said note was given by him for a part of the purchase price of said land in said contract de-

scribed, and is the last mentioned note therein, and in consideration of the said agreement of the plaintiffs by their said contract to convey the same as aforesaid to the said defendant, and for no other purpose whatsoever; that defendant has fully paid the said first two notes and the taxes for 1856, and all subsequent taxes; that he took possession of said land according to the terms of said contract; and that afterwards, to wit, on the first day of January, A. D. 1859, at the county aforesaid, he was ready and willing to pay said note, and ever since has been, when the said plaintiffs should make, execute and deliver to him a good and sufficient deed of said land, with covenants of general warranty, according to the terms of said contract, and that the plaintiffs did not nor would execute said deed, and have not done so.

The plaintiffs replied, *first*, denying that the note was given for a part of the purchase price of the land mentioned in the contract; *second*, averring that before the commencement of the suit, the plaintiffs did make and execute and offer to deliver to the defendant a good and sufficient deed to said land in the contract mentioned.

The issues were submitted to the court for trial. It appears from the evidence, that before the commencement of the suit, but on the same day, a deed bearing date on the 27th day of December, 1856, and executed by the plaintiffs on the 1st day of July, 1862, conveying the premises in question to the defendant, with covenant of general warranty, was tendered to the defendant, and payment of the note sued upon demanded. He replied, that he had not the money, and was unable to pay the note. At the time of the execution of the deed, both the grantors were married men, and their wives did not release their dower nor join in the deed. But at the time the deed was tendered, the defendant made no objection on that account.

Upon this state of case, the court found the issue for the plaintiffs. A motion for a new trial was overruled, and judgment entered upon the finding. The defendant thereupon sued out this writ of error, and now insists that inasmuch as the right of dower of the wives of the vendors of the land was not

released in the deed which was tendered to him, the covenant of the vendors to convey by a good and sufficient deed, with general warranty, was not performed, and until that was done he cannot be compelled to pay the note.

Messrs. BULL & NASH, for the Plaintiff in Error.

The vendee was not bound to receive the deed, even with general warranty, unless the wives of the vendors joined in the conveyance, extinguishing their contingent interest. Their inchoate right of dower was an existing incumbrance. An inability in the vendors to convey the land free from this incumbrance, justified the vendee in refusing payment. *Shuck* v. *Pierce*, 3 Clark (Iowa), 350; *Bitner* v. *Brough*, 11 Penn. 138; *Jones* v. *Gardner*, 10 Johns. 268; *Porter* v. *Noyes*, 2 Greenlf. 26.

Mr. W. C. GOUDY, for the Defendant in Error.

The counsel for the plaintiffs contend that the deed tendered was not in conformity to the contract, because the inchoate right of dower in the wives of the grantors was not released. In support of this position he has cited several cases which hold such a principle.

On the other hand, Judge STORY says: " A possibility of dower is not, within the sense of the covenant, an incumbrance." *Powell* v. *Monson*, 3 Mason, 355.

In another case it was held that the existence of a right of dower after the death of the husband, was no defense to a suit for the purchase-money. *Fuller* v. *Wright*, 18 Pick. 405.

The same doctrine is held in *Smith* v. *Ackerman*, 5 Blackf. 542.

In another case it is said, " If A should bind himself for a consideration to be paid, to convey to B, by deed, containing covenants of warranty, and against incumbrances, a tract of land, could B avoid the performance of the contract by showing that, by possibility, there might be, at some future time, a dower claim like the one in the present case? It seems to me not, but that B would be compelled to take the land and rely upon his covenant." *Nyce's Ex.* v. *Obertz*, 17 Ohio, 73.

Mr. JUSTICE BREESE delivered the opinion of the Court:

It is a strong presumption that the note was given for the land, and in the absence of any proof to rebut it, the presumption must prevail.

The contract with the plaintiffs was, that on payment of the notes with the interest, they would execute and deliver to defendant a good and sufficient deed of general warranty for the premises, and the defendant was to take immediate possession of the same.

It is in proof that before suit brought, on the very day of its commencement, plaintiffs presented the note to defendant for payment, and tendered him a warranty deed in the usual form, dated December 27th, 1856, for the premises described in the contract, executed by them on the first day of July, 1862. The defendant replied to the demand and tender, that he had not the money and was unable to pay the note.

It is in proof that on the first day of July, 1862, the plaintiffs were married men and had been for some time previous.

The dower right of their wives was not released by this deed. The question then is, did this furnish a sufficient excuse for the non-payment of the note?

We think not. The covenant was to make a general warranty deed, and nothing more. Such a deed was tendered, and the party was bound to accept it. Even if the covenant was to make such a deed free and clear of all incumbrances, it has been said by a respectable court, that a possibility of dower is not, within the sense of such a covenant, an incumbrance, for that means a settled, fixed incumbrance. Per STORY, J., in *Powell and Wife* v. *Monson and Brimfield Manufacturing Co.*, 3 Mason, 355.

As the plaintiffs undertook to make a deed with a covenant of general warranty only, it could not be broken until there was an actual eviction, or something equivalent to an eviction. *Beebe* v. *Swartout*, 3 Gilm. 179. Such a covenant is usually treated as synonymous with a covenant for quiet enjoyment, since the same concurrence of circumstances is necessary to

their breach; they equally possess the capacity of running with the land, and the rules as to the measure of damages are the same as to both. Rawle on Cov. 196.

The covenant as expressed in the obligation of the plaintiffs amounts to no more than an engagement that it should bar the covenantors and their heirs from ever claiming the land, and that they and their heirs should undertake to defend it when assailed by a paramount title. We cannot find in the books any authority for the suggestion, that a covenant of general warranty, by itself, includes a covenant against incumbrances, admitting an inchoate right of dower to be an incumbrance.

All the cases cited by appellant, are cases in which the covenant against incumbrances was inserted in the deed, and can have no application to this case.

When the deed was tendered to defendant he did not then object that it contained no release of dower. Had he made that the objection, it might have been removed at once, by procuring such release.

Making no objection to the deed on the ground now taken, would not perhaps preclude him, but being made, we are of opinion, the covenant of the plaintiffs was performed by them, and the defendant should receive the deed and pay the note. If, hereafter, the wives of plaintiffs should become widows, and claim and recover their dower in a mode by which the defendant may be injured, he will be able to obtain recompense on the covenants in his deed. It would be unjust to allow him to defeat the payment of the note, on this bare possibility, and at the same time retain the possession and enjoyment of the land.

We see no merits in the defense, and accordingly affirm the judgment.

*Judgment affirmed.*