# JOHN JONES

## *v.*

## JOHN WARNER.

1. COVENANTS—*of seizin and good right to convey.* Covenants in a deed that the grantor is seized of the premises conveyed, and has good right to convey the same, and that the same are free of incumbrances, are *in presenti,* and if broken at all are broken when the deed is delivered. Nothing happening after the delivery of the deed can be assigned as a breach of such covenants.

2. Same—*of general warranty—what is a breach.* In order to recover for a breach of a covenant of general warranty in a deed conveying land, the covenantee must show that he has been evicted by an outstanding title, and not by his own act, or that he is unable to obtain possession under the title derived from the covenantor, by reason of the title he has received by the deed being inferior to the title by which the land is adversely held, or by reason of the covenantor, by his acts, having defeated the title he has covenanted to warrant and defend.

3. Judgments and decrees—*effect of, when rendered by courts of other States, as evidence in this State.* Where it appears that there was personal service on a party or appearance entered in the court of another State, the judgment or decree of such court will be conclusive of the right of such party in this State; but where the party was not an inhabitant of the State where the judgment or decree was rendered, and was not in the State, and was not personally served with process, and did not enter his appearance, the judgment or decree is but *prima facie* evidence in the courts of this State, and the party may show the court rendering such judgment or decree did not acquire jurisdiction, or he may go behind the judgment or decree, and show there was no ground for a recovery.

4. Jurors—*conduct after retiring to consider of their verdict.* After the jury had retired, one of the jurors prevailed on the officers to take him to the office of one of the attorneys in the case, and when there, requested the attorney to read one of the instructions given by the court, claiming that he could not understand it. The attorney refused to do so, and promptly told him it was improper to talk to any one on the subject of the trial, and that he must apply to the court for the information required: *Held,* this was not sufficient cause for disturbing the verdict.

Appeal from the Circuit Court of DeWitt county; the Hon. Lyman Lacey, Judge, presiding.

Mr. E. H. Palmer, for the appellant.

Messrs. Moore & Warner, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This was an action brought by appellant on the covenants in a deed of conveyance made by appellee, conveying lands in Jasper county, Missouri. The deed purports to convey the 40-acre tract in controversy, with other lands. The deed contains a covenant that the grantor was well seized, and that he had good right to convey the same in manner and form aforesaid, and that the premises were free from all incumbrances,

and a covenant of general warranty. The declaration assigned breaches that appellee was not well seized, and did not have good right to sell and convey the same, and that appellant was evicted. The record is greatly encumbered by a large number of useless pleas, upon a portion of which issues were joined, and a trial had, resulting in a verdict and judgment in favor of defendant, and plaintiff appeals.

It is seldom that we have a transcript of a record come before us in such a confused and unsatisfactory manner as that in this case. And again, we have received but little aid in comprehending it, from the abstract filed, nor has appellee made an additional abstract, but we have been left, as best we could, to learn what the record contains. Appellee's counsel says, if the deed sued on is not in the record, the plaintiff's case fails. He does not even examine the record to see if it is wanting, which seems to indicate great indifference whether the case is, or not, properly before us for consideration.

On the trial, in the court below, appellant offered and read in evidence a decree rendered by the circuit court of Jasper county, Missouri. The decree finds the title to this land in one Elizabeth Rose, who had been the widow of Samuel Deverel. The decree recites that appellee had been duly notified of the pendency, object and general nature of the suit, by publication in a newspaper published in that county. And the decree further recites and finds, that appellee, on the 15th day of May, 1861, sold, and executed a bond for, the 40 acres, out of which this controversy arises, to Samuel Deverel, for a conveyance; that the bond was by him assigned to Elizabeth Deverel, on the 10th of October, 1861; that Samuel Deverel departed this life on the 15th of December, of the same year, and that Elizabeth had intermarried with Thomas J. Rose. The decree, in terms, divested appellee of all title, and vested it in Elizabeth Rose, and appellant introduced evidence that Elizabeth Rose was in possession of the land, and that he was unable to obtain possession.

It appears that the deed to appellant was executed on the 27th day of February, 1861, some two months and a half, ac-

cording to the finding in the decree, before the bond was made to Deverel. As both parties claim from appellee, and if this documentary evidence can be regarded as true, and if there is nothing to impeach these dates or the facts, then we fail to see that the covenants of seizin and good right to convey have ever been broken. They are covenants *in presenti*, and if broken at all were broken when the deed was delivered. The covenants are, that he was then well seized, and then had good right to convey, and not that he would afterwards be seized or have right to convey. And the same is true of the covenants against incumbrances.

It then follows, that there was no breach of either of these covenants, as it is not denied that appellee owned the land when he conveyed it to appellant, and, if so, he became fully and completely invested with the title, and the first two of the covenants were thereby performed, and there is no evidence that the land was, in any manner, incumbered at that time, and the presumption, therefore, is, that this covenant was also performed.

It then remains to determine, whether appellant has shown a right to recover under the covenant of general warranty. Under that covenant, to recover, the covenantee must show that he has been evicted by an outstanding title, and not by the acts of the covenantee, or that he is unable to obtain possession under the title derived from the covenantor, by reason of the fact that the title he has received is inferior to the title by which the land is adversely held. See *Beebe* v. *Swartwout*, 3 Gilm. 162; *Moore* v. *Vail*, 17 Ill. 185; *Brady* v. *Spurck*, 27 Ill. 479; *Claycomb* v. *Munger*, 51 Ill. 373; *Bostwick* v. *Williams*, 36 Ill. 65.

Now, appellant having become invested with paramount title to this land, he was only required to register his deed in the county where the land was situate, to place himself in a position that he could have defended against all claims; or if his rights had been invaded, he could have recovered against all persons committing such wrongs. But we presume he failed to record his deed, and has thus enabled appellee, by

accident or design, to make a bond for the conveyance of the land that seems to be valid and binding.

It is true, that such a bond does not transfer a legal title, but it does pass an equitable title, and if the purchaser acted in good faith, without notice, and paid. the value of the land, and was the first to record his bond or to acquire possession, his title, in equity, would prevail over appellant's unrecorded deed, but appellant, at law, could recover the land under his deed as against a mere bond; and as long as he can acquire possession by entry, or by a suit at law, he can not recover on the covenant, unless he can show paramount, outstanding title at the time of the execution of the covenant. This is the general rule, subject, it may be, to some exceptions, one of which is, where the covenantor, by his prior or subsequent acts, defeats the title he has covenanted to warrant and defend.

Appellant, to show that the equitable title had been converted into a legal title, by reason of the sale of the land to Deverel, read in evidence the decree of the circuit court of Jasper county, Missouri, which decrees the title from appellant and to Elizabeth Rose. If, then, this decree is valid, appellant has shown an outstanding title, which has been derived from appellee since making the conveyance to him, which is paramount by reason of appellant's neglect to record his deed, and by the wrongful subsequent sale of the land to Deverel.

But, on the trial below, appellee endeavored to impeach the decree for fraud, and introduced evidence strongly tending to prove that appellant had executed to Deverel a deed for other land than that in controversy, and had taken up his bond in the lifetime of Deverel, and sometime in the year 1859 or 1860. The decree recites that the bond had been lost, and that appellant had refused to convey. This he denies, but says that it was represented that his deed to Deverel had been destroyed or lost, and that he refused to convey to Mrs. Rose, who was the wife of Deverel, and had, after his death, intermarried with Rose. Appellant denies all notice, of any kind, that the

suit had been commenced against him, until long after it terminated.

We presume that the decree was clearly erroneous, as it transferred the land to Mrs. Rose, when, unless by statute it was otherwise provided, the title, whatever it was, would descend to the heirs of Deverel. But we can not regard mere error in the decree, as, from the Missouri statute, the proceeding was authorized. Then what was the effect of this decree upon the rights of the parties? Appellee was not an inhabitant of Missouri at the time, nor was he in the State, and he was not personally served with process, nor did he enter his appearance.

In the case of *Bimeler* v. *Dawson*, 4 Scam. 536, it was held, under similar facts, that the judgment was but *prima facie* evidence of what it found, beyond the State where it was rendered, and the defendant might show the court did not acquire jurisdiction, or go behind the judgment, and show there was no ground for a recovery; that when the service was personal or appearance was entered, the judgment would be held conclusive beyond the jurisdiction in which it was rendered, as well as in the State where the court was held, and the same reasoning must apply to decrees, which is held as to judgments. No well founded distinction can be taken. The evidence was, therefore, properly received in this case to impeach the decree; and, all of it considered, we think it fully warranted the jury in finding the decree was obtained by fraud, and if so, no ground for a recovery on the covenant of general warranty was shown, and the finding was right.

It is objected that there is no special plea that the decree was obtained by fraud, in the record. It is one of the most elementary rules in pleading, that a party can only plead to the declaration, and not to something outside of it. The suit was on the deed, and defendant can not be held to know that the decree would appear in the case at any stage of its progress. He could not be required to plead to evidence that may, or not, be introduced on the trial.

It is next urged, that the court erred in refusing to set aside

the verdict on the affidavits of the misconduct of a juror during their consultation as to the verdict. It appears that one of the jurors, after they had retired, prevailed on the deputy sheriff to accompany him to the office of one of defendant's attorneys, to get an explanation of some matter connected with the case; that, on reaching the attorney's office, the juror said to him that there were one or two instructions the jury could not read, and requested the attorney to read them, but he instantly informed the juror it would be improper for him to say a word to the juror in reference to the case; that the jury must see the court in regard to such matters, and directed the officer and juror to return to the jury room. This seems to be all that was said or done.

This case is unlike the case of *Martin* v. *Morelock*, 32 Ill. 488, as in that case the attorney had conversed with some of the jurors in reference to the case, and after that conversation, when the jury were polled, and asked whether the paper sealed and returned into court was the verdict of the jury, and a portion of them refused to concur, and they, on again retiring, returned an increased verdict, a new trial was granted.

In this case the attorney had no conversation with the juror in reference to the case. The juror only proposed to converse with him in regard to it, and he promptly and emphatically refused, and directed him to return to the jury room, and that the jury must communicate with the judge on such questions, and the evidence shows that no one conversed with the juror outside of the jury room about the case. The officer was with him all the time he was absent therefrom. Hence, it appears, that no improper influences were used with the jury in the case, and we should be carrying the doctrine further than the adjudged cases warrant, in a civil case, were we to hold this ground for setting aside this verdict. Where life or liberty is involved more care is required, and courts are more ready to interfere where it appears that a juror has acted irregularly, than in a civil case.

In the case of *Miller* v. *The People*, 39 Ill. 457, which was an indictment for robbery, it was held, that although the offi-

cer in charge of the jury permitted individual jurors to sepa-rate from the others, whilst it was ground for punishing the officer, yet, in the absence of proof that the prisoner was thereby prejudiced, the verdict would not be set aside. See, also, *Adams* v. *The People*, 47 Ill. 376; *Davis* v. *The People*, 19 Ill. 74; *Reins* v. *The People*, 30 Ill. 256. From these cases it is apparent that the irregularity complained of here, forms no ground for setting aside the verdict.

Perceiving no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*