<hr/>

EDWARD SCOTT

*v.*

FREEMAN P. KIRKENDALL *et al.*

COVENANT OF WARRANTY—*only broken by eviction, or something equivalent thereto.* The covenant of warranty is regarded as, in effect, a covenant for quiet enjoyment, and can only be broken by something equivalent to an eviction or disturbance of the possession of the grantee. The mere existence of a paramount title in another is not, of itself, sufficient to constitute a breach of the covenant of warranty.

APPEAL from the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. STEVENSON & EWING, for the appellant.

Messrs. HUGHES & MCCART, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 19th day of May, 1871, appellees, by deed containing the ordinary covenant of general warranty and the other usual covenants, conveyed to William K. Dewey the south half of a section of land in Greenwood county, Kansas. Dewey afterward conveyed the land to Dunlap and Robinson, as trustees, etc., who afterward, in pursuance of a decree of

30—88 ILL.

court, conveyed the same to Edward Scott, the appellant, as their successor in trust. Scott brought this action of covenant against the appellees, upon the covenant of warranty in their deed to Dewey, alleging a breach thereof. Upon a trial by the court, without a jury, the issue was found in favor of the defendants, and a judgment rendered accordingly, from which the plaintiff appealed.

The facts, as presented by the evidence, are, that, at the time of the execution of the deed by the appellees, they had no title to the land, but the paramount title to one quarter section of the land was still in the United States, and to the other quarter in one Holman, by virtue of a patent from the United States, issued on the 15th day of August, 1871. The land was vacant and unoccupied. Neither appellant, appellees, Holman nor Dewey have ever had actual possession of any of the land. These are all the material facts bearing upon the point of a breach of the covenant of warranty.

The only question presented by the record, which we need to consider, is, whether there can be a recovery in an action of covenant for breach of the covenant of warranty in a case where the land concerned is and ever has been vacant and unoccupied, without showing more than an outstanding paramount title. The great current of authority is in favor of the negative of the proposition.

It is common doctrine, and well established generally, that the mere existence of a paramount legal title which has never been asserted, can not amount to a breach of this covenant. The covenantee, or his assignee, must be disturbed in the possession, actual or constructive—he must be evicted, or there be something equivalent thereto; and in the action the plaintiff must allege and prove an ouster or eviction by a paramount title. It is not necessary, however, that he should be evicted by legal process; it is enough that he has yielded the possession to the rightful owner, or, the premises being vacant, that the rightful owner has taken possession. 3 Washb. Real Prop. 406; Sedgwick on Damages, 6th Ed. 158 marg.; *Green-*

*vault* v. *Davis,* 4 Hill, 643; *St. John* v. *Palmer,* 5 id. 599; *Day* v. *Chism,* 10 Wheat. 449; *Marston* v. *Hobbs,* 2 Mass. 433; *Sprague* v. *Baker,* 17 id. 586; *Jenkins* v. *Hopkins,* 8 Pick. 345; *Moore* v. *Vail,* 17 Ill. 185; *Matteson* v. *Vaughn,* decided by the Supreme Court of Michigan at its January term, 1878; and see note to *Foote* v. *Burnet,* 10 Ohio, 319, for a collection of cases as to what amounts to eviction. This covenant of warranty is regarded as, in effect, a covenant for quiet enjoyment, and can only be broken by something equivalent to an eviction or disturbance of possession of the grantee. 3 Washb. Real Prop. 398. What will be held as equivalent to eviction, authorities may differ concerning, but there is a general concurrence that something more than the mere existence of a paramount title is necessary to constitute a breach of the covenant of warranty.

The cases cited by appellant's counsel from our own reports, of *Beebe* v. *Swartwout,* 3 Gilm. 162, *Moore* v. *Vail,* 17 Ill. 185, *Claycomb* v. *Munger,* 51 id. 373, and *Wead* v. *Larkin,* 54 id. 499, as being supposed to sanction the doctrine that the action may be maintained upon the mere existence of a superior title in another, we regard as falling short of so doing. The last case has no particular application. *Beebe* v. *Swartwout* and *Claycomb* v. *Munger* affirm nothing more than that the covenantee may peaceably and voluntarily yield to the paramount title, not deciding that he may do so when the adverse title has not been hostilely asserted. In *Claycomb* v. *Munger,* a mortgage existing upon land at the time of the execution of a deed with warranty was subsequently foreclosed, and a deed executed to the purchaser under the foreclosure sale, and, acknowledging that the covenant of warranty is broken only upon an eviction, or by something equivalent thereto, it was held that the grantee in the warranty deed might voluntarily yield to the superior title under the foreclosure sale, and purchase it for his own protection, and thereupon maintain suit upon his covenant of warranty. The decision was based upon the authority of *Moore* v. *Vail, supra,* among others. *Moore*

v. *Vail* touches the. precise question here involved, and is in direct opposition to the theory upon which this suit is sought to be maintained. It was an action upon a covenant of warranty. The court there, after laying it down that, where the premises were in the actual possession of another, who held them under a paramount title, the covenant of warranty was broken, as also that if the covenantee be in the actual possession of the estate, he has the right to yield that possession to one who claims it under a paramount title, say: "This, however, is not to be understood as holding that the mere existence of a paramount title constitutes a breach of the covenant, or that it will authorize the covenantee to refuse to take possession when it is quietly tendered to him, or when he can do so peaceably, and then claim that by reason of such paramount title and his want of possession, the covenant is broken; nor will it justify him in abandoning the possession, without demand or claim by the one holding the real title. His possession, under the title acquired with the covenant, is not disturbed by the mere existence of that title; and he has no right to assume that it ever will be, until he actually feels its pressure upon him." And again: "Until that time, (the taking possession by the owner of the paramount title,) he might peaceably have entered upon and enjoyed the premises, without resistance or molestation, which was all his grantors covenanted he should do. They did not guarantee to him a perfect title, but the possession and enjoyment of the premises." We do not see but what this fully decides the present case against the appellant. It holds that the mere existence of a paramount title does not constitute a breach of the covenant. That is all there is here. There has been no assertion of the adverse title. The land has always been vacant. Appellant could at any time have taken peaceable possession of it. He has in no way been prevented or hindered from the enjoyment of the possession by any one having a better right. It was but the possession and enjoyment of the premises which was assured to him, and there has been no disturbance or interfer-

ence in that respect.    True, there is a superior title in another, but appellant has never felt "its pressure upon him."

To sustain the present action would be to confound all distinction between the covenant of warranty and that of seizin, or of right to convey.    They are not equivalent covenants. An action will lie upon the latter, though there be no disturbance of possession.    A defect of title will suffice.    Not so with the covenant of warranty, or for quiet enjoyment, as has always been held by the prevailing authority.    See, too, Rawle on Cov. for Title, 235, 271.

We regard the judgment as right, and it is affirmed.

*Judgment affirmed.*