DAVID A. BARRY *et al.*

*v.*

ALEXANDER E. GUILD, Jr.

*Filed at Ottawa November 15, 1888.*

1. ASSIGNMENT—*defense in equity—as, on foreclosure.* On the foreclosure of a mortgage by an assignee of the notes secured, the maker will have the same defense as if the suit was by the payee.

2. FAILURE OF CONSIDERATION—*as to purchase money—failure of title.* The defense of failure of title, against a suit for the purchase money, is founded on the covenants in the deed of conveyance. If the deed is but a quitclaim, or contains covenants only against the acts of the grantor, the defense will be unavailing, in the absence of fraud, accident or mistake.

3. Where the owner of land conveys it with covenants of warranty to another in trust for himself, and upon a sale procures his grantee to make a deed to the purchaser, with covenants only against the grantor's own acts, the purchaser can not rely on the covenants in the first deed to defend against a suit for the purchase money, the presumption being that the purchaser gets such a title as he bought.

4. COVENANTS FOR TITLE—*rights of subsequent grantee.* The grantee in a deed of conveyance can not claim the benefit of any covenants in the deeds to those from whom he takes, except those for quiet enjoyment and warranty, which run with the land.

5. SAME—*covenant of warranty, and for quiet enjoyment.* In an action upon the covenant for quiet enjoyment and warranty, the burden rests upon the plaintiff to show the breach of the same, and consequent damages, and the breach can only be shown by proof of an eviction, or its equivalent. There must be a union of acts of disturbance under lawful title, to constitute a breach of these covenants.

6. ATTORNEY'S FEE—*when allowable on foreclosure.* Where a mortgage provides for a solicitor's fee of $100 in a decree of foreclosure, the same may be allowed, although the mortgagee may himself sign the bill, if the proof shows he was, in fact, represented by other solicitors.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Du Page county; the Hon. C. W. UPTON, Judge, presiding.

Mr. E. S. CHESBROUGH, for the appellants:

We may start with the assumption that Guild had no better title to the notes than had his assignee, Atkinson, for, irrespective of the well settled principle that the trustee can not speculate in the subject matter of the trust, we have the doctrine established in this State, that the assignee of notes secured by mortgage, on suit to foreclose, is subject to any defense that may be maintained against the payee. *Olds* v. *Cummings,* 31 Ill. 188; *Smith* v. *Newton,* 38 id. 230; *Weaver* v. *Wilson,* 48 id. 125; *Towner* v. *McClelland,* 110 id. 542; *Shippen* v. *Whittier,* 117 id. 282.

Lack or failure of title to land when the vendee has been evicted, has voluntarily yielded possession to the paramount title, or has never had possession, is failure of consideration, and a good defense against purchase-money notes given for such land. *Gregory* v. *Scott,* 4 Scam. 392; *Davis* v. *McVickers,* 11 Ill. 327; *Slack* v. *McLagan,* 15 id. 243; Rawle on Covenants for Title, sec. 333.

Atkinson can be held on the covenants of his deed to Guild by any subsequent grantee, however remote. *Wead* v. *Larkin,* 54 Ill. 489; *Richard* v. *Bent,* 59 id. 38; Rawle on Covenants for Title, (5th ed.) sec. 202, *et seq.;* Jones on Mortgages, sec. 1500, *et seq.*

It makes no difference, in the application of this rule, that Atkinson was honestly mistaken as to the quantity of land. If the mistake was mutual, the vendee is entitled to relief for any shortage that may occur. *Champlin* v. *Laytin,* 6 Paige, 189; 18 Wend. 407; *Voorheer* v. *De Meyer,* 3 Sandf. Ch. 614.

The better doctrine is, that any covenant,—even a covenant of seizin,—if broken, makes a continuing breach, and can be relieved against on a suit to foreclose. *Rice* v. *Goddard,* 14 Pick. 293.

Irrespective of the merits, the decree is erroneous, because it provides for a solicitor's fee to complainant, who employed no solicitor, but appeared *pro se.* A trustee can have no

allowance as solicitor. Hill on Trustees, \*577; Jones on Mortgages, (2d ed.) sec. 1771, and cases there cited.

A solicitor, to be entitled to a fee as provided in the trust deed, must appear of record. It is not sufficient that the master in chancery, before whom the complainant testifies, notes the fact that he is examined by a brother solicitor, or that the decree (by custom drawn up by complainant) recites that the cause was argued by counsel.

Mr. JAMES LLOYD, for the appellee:

When a mortgage or trust deed provides that the whole debt shall become due in default of the payment of interest, it may be foreclosed for the whole. *Terry* v. *Trustees,* 70 Ill. 236; *Wisner* v. *Chamberlin,* 117 id. 568; *Cundiff* v. *Brokaw,* 7 Bradw. 147.

Defendants can not avail themselves of any matter of defense not stated in the answer. *Insurance Co.* v. *Myer,* 93 Ill. 271; *Stevens* v. *Meers,* 11 Bradw. 138.

A grantor who conveys with warranty is concluded by his deed, and if he has not the land he warrants, it is his duty to acquire the same, to answer his covenants. *Jones* v. *King,* 25 Ill. 383, and cases cited; *Andrus* v. *Coleman,* 82 id. 26; *White* v. *Patten,* 24 id. 234; *Wynkoop* v. *Cowing,* 21 id. 570; *Stewart* v. *Metcalf,* 68 id. 109.

A party having mortgaged property, is not permitted to deny his own title, but is concluded by his mortgage. His warranty estops him. *Railroad Co.* v. *Trust Co.* 49 Ill. 331; *Wills* v. *Somers,* 4 Bradw. 297; Herman on Estoppel, p. 8, sec. 3; *Hall* v. *Insurance Co.* 32 N. H. 297; *Cabriska* v. *Railroad Co.* 23 How. 391; Jones on Mortgages, sec. 682.

No party claiming title under a deed, however remotely, can be permitted to deny any fact recited in the deed under which he claims. *Byrne* v. *Morehouse,* 22 Ill. 603; *Pinckard* v. *Milmine,* 76 id. 453.

Where a fee simple estate is granted by deed, title of which defendant covenants to warrant and defend, he is estopped to deny the solemn fact so stated in his deed. *Jones* v. *King,* 25 Ill. 383.

Upon bill to foreclose a mortgage given for purchase money, a mortgagor in possession can not defend on the ground of defects in the title of his vendor. He can not retain the land under a title, which, by force of the Statute of Limitations, may ripen into a good and perfect title, and at the same time refuse to pay for the land. The well established doctrine, as we understand it to obtain, is, that where there has been no fraud, and no eviction under paramount title, as in the case at bar, the vendee, or a party in possession under him, can not controvert the title of the vendor,—that in such cases, the vendee, and those claiming under him, must rely for relief on the covenants in the deed of the vendor, or the contract he may have, and that the courts will not substitute for the contract of the parties, one which they did not make. *Beebe* v. *Swartwout,* 3 Gilm. 162; *Smith* v. *Newton,* 38 Ill. 230; *Weaver* v. *Wilson,* 48 id. 125; *Peters* v. *Bowman,* 98 U. S. 56; *Latham* v. *McCann,* 2. Neb. 276.

The covenant of good right to convey is synonymous with the covenant of seizin of the grantor, and both these covenants, if broken at all, are broken when they are made, and they are personal, and do not run with the land. *Greeley* v. *Wilcocks,* 1 Johns. 2; *Marston* v. *Hobbs,* 2 Mass. 432; *Hamilton* v. *Wilson,* 1 Johns. 72.

If there be no ingredient of fraud, and the purchaser is not evicted, or something equivalent to an eviction has not transpired, the insufficiency of the title is no ground for relief against a security given for the purchase money, or for rescinding the purchase and claiming restitution of the money. The party is remitted to his remedy on his covenants, to insure the title to the land. *Abbott* v. *Allen,* 2 Johns. Ch. 519; *Edwards* v. *Bordin,* 26 Wend. 109; *Barkhamtead* v. *Case,* 5 Conn.

528; *Patton* v. *Taylor*, 7 How. 132; *Leggett* v. *McCarthy*, 2
Edw. Ch. 124; *Manor* v. *Washington*, 3 Stroble, 171; *Lamison*
v. *Marvin*, 8 Bar. (S. C.) 11; *Platt* v. *Gilchrist*, 3 Sandf. 118.

To constitute a breach of either the covenant of warranty
or that for quiet enjoyment, as we understand the law to be,
there must be a union of ouster or eviction, and lawful and
paramount title, otherwise there is, or can be, no right of
action on the covenants, or any ground for relief in a court of
equity, upon bill to foreclose a mortgage for purchase money,
as in the case at bar, and there is here, as we have already
seen, no claim or proof, or even pretense, of any eviction
whatsoever of appellants from this twenty-acre tract in ques-
tion. *Beebe* v. *Swartwout*, 3 Gilm. 162; *Peters* v. *Bowman*,
98 U. S. 56; *Latham* v. *McCann*, 2 Neb. 276; *Hill* v. *Butler*,
6 Ohio St. 207; Jones on Mortgages, secs. 1500-1521.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

To a bill to foreclose a purchase money mortgage, filed by
appellee, appellants set up in defense failure of title to a por-
tion of the land conveyed. On a hearing in the circuit court
of DuPage county, the Hon. C. W. UPTON, Judge, presiding,
a decree was rendered in favor of appellee for the full balance
of unpaid purchase money, and $100 solicitor's fee, which was
also claimed in the bill. Appellants appealed first to the Ap-
pellate Court for the Second District, where the decree of the
circuit court was affirmed, and then to this court.

But two questions are presented by the record: First, on
the facts, should appellants be allowed a reduction on the pur-
chase price on account of failure of title; and secondly, did
the court below err in allowing the solicitor's fee.

Formerly, Martin Sauber and Charles Freihauf owned lot
No. 2, in Witt's subdivision of the west half of the north-west
quarter of section 14, containing forty-eight acres, and the
fraction in the south half of section 15, containing ninety-six
acres, more or less, all in township 37, north, range 11, east,

Du Page county, Illinois. In August, 1868, they conveyed twenty acres of the ninety-six acre tract to Charles Fitzsimmons. On the 29th of the following March they executed and delivered to John Atkinson a warranty deed, containing a description of the whole of both tracts, but following that of the ninety-six acres is the language, "excepting twenty-five acres heretofore conveyed by Sauber and Freihauf." June 25, 1884, Atkinson conveyed, by deed with full covenants, the undivided half of both tracts, (making no reservation,) to appellee, who, on the 30th of January following, conveyed the same to George E. Gindele, by special warranty against his own acts, only. The last two deeds were intended to divest Atkinson of an undivided one-fourth interest only in the land, the other three-fourths being conveyed as mere security, the equitable title to remain in Atkinson, who continued in possession. This undivided three-fourths he sold to appellant Barry, and Gindele, at his request, on the 6th day of May, 1886, conveyed the same. This deed from Gindele to Barry contains only covenants against the acts of the grantor. Barry, at the same time, executed his four promissory notes, for $1,000 each, payable to Atkinson, secured by the mortgage in suit, which is in the form of a trust deed, appellee being named therein as trustee. Atkinson has since assigned all of said notes to appellee. Barry conveyed the land to his co-defendant below, Rudolph Nunnemacher. In this proceeding, any defense which could have been made against Atkinson is available against appellee, to whom he assigned the notes. The rights of Nunnemacher and Barry are identical.

It is well settled that the defense of failure of title against suit for the purchase money is founded on the covenants in the deed of conveyance; therefore, if the deed be but a quitclaim, or contains only covenants against the acts of the grantor, the defense is unavailing. 2 Jones on Mortgages, sec. 1501, and cases cited in note; *Sanford* v. *Traverse*, 40 N. Y. 140; *Niles et al.* v. *Harmon et al.* 80 Ill. 396.

The answer of appellants does not set up the deed upon which they rely to maintain their defense, and for that reason is defective.    It is clear, however, that the deed of Gindele to Barry contains no covenants upon which the defense can rest. Says Justice NELSON, in *Patterson* v. *Taylor*, 7 How. 139 :  "If there is no fraud and no covenants to secure the title, the vendee is without remedy, as the vendor selling in good faith is not responsible for the goodness of his title beyond the extent of his covenants in the deed."    Rawle on Covenants for Title, 567, says :  "It is one of the most settled principles of this branch of the law, that a purchaser who has received no covenants which cover the defect or incumbrance, can neither detain the purchase money nor recover it back if already paid. Unless there has been fraud, accident or mistake, he is absolutely without relief against his vendor, either at law or in equity."    See, also, *Noonan* v. *Lee*, 2 Black, 499 ;  *Peters* v. *Bowman*, 98 U. S. 60 ;  *Hill* v. *Butler*, 6 Ohio St. 207.

The argument of counsel for the appellants is based on the theory that "when Atkinson procured Gindele to execute the deed to Barry, he thereby, in legal effect, himself conveyed, *and warranted with all the covenants with which he had originally conveyed to Guild.*"    It must be borne in mind that in this case there is neither allegation nor proof of fraud, accident or mistake.    There is nothing whatever in the answer, nor is there a pretense of proof, that when Atkinson sold to Barry, and procured Gindele· to make him a deed of special warranty against the acts of Gindele only, and Barry accepted such a deed, the real, full and complete intent of the parties was not carried out.    Then why say the legal effect is the same as though Atkinson had conveyed with full covenants ?    On the contrary, under the allegations and evidence, or, rather, in the absence of allegation and proof to the contrary, the deed from Gindele must have the same legal effect as if it had been made by Atkinson himself.    Had Gindele reconveyed to Atkinson, and the latter made this special warranty deed, no one would

pretend, in the light of the authorities above cited, that this defense could be maintained. The same purpose was accomplished by Atkinson procuring Gindele to convey directly to his vendee, and, so far as this record shows, giving Barry just such a title as he sold him. It is not the province of courts to make contracts for parties, but to give effect to and enforce them as made.

In this view of the case, the right of appellants, as subsequent grantees of Atkinson, to avail themselves of his covenants to Guild, does not arise. They could, however, under no circumstances, claim the benefit of any of those covenants except such as attach to and run with the land, viz., for quiet enjoyment and warranty. To do so, the burthen is on them to prove a breach of such covenants, and consequent damage. The breach can only be shown by proof of an eviction. It is true, an actual eviction is no longer required, and there has been considerable discussion, and perhaps some conflict, in the decisions of courts, as to what facts must be proved in order to show an eviction, or its equivalent; but the rule deducible from all the authorities is, that there must be a union of acts of disturbance and lawful title, to constitute a breach of the covenant for quiet enjoyment, or warranty, which is in fact equivalent.

We have looked in vain for proof in this record that Fitzsimmons, or any one claiming under him, has at any time been in the actual possession of the twenty acres to which it is claimed he has title. The only approach to it is the testimony of Gindele, who swears that he is agent of appellant Nunnemacher, and that he "saw evidence of the possession of a third party, in the shape of a derrick and tool house situated on the land, operated by a stone company." Whether this stone company had possession, or claimed possession, of one acre or twenty, does not appear; nor is it shown that they claim to hold under the title of Fitzsimmons. For aught that appears in proof, they are mere trespassers. He also swears

that he never had possession of this tract, "either as owner, or agent for Nunnemacher,—*that he never could get possession.*" What, if any, effort he made to do so is not stated. It is not even shown that any of the land is enclosed. For anything shown by the evidence, it is all vacant and unoccupied, except by the derrick and tool house mentioned by Gindele. There is no reason to suppose, from this record, that Barry or his grantee may not peaceably take possession of at least the greater part of the twenty acres, at pleasure. Therefore the proof is insufficient to make out the defense, even if the covenants in the Atkinson deed to Guild could be availed of in this proceeding. The decree of the circuit court disallowing the defense of failure of title was right, in any view of the case.

The answer is silent as to the allegation in the bill claiming a solicitor's fee. The mortgage contains a provision for a solicitor's fee of $100. Appellants offered no evidence whatever as to the right of appellee to recover it. The only point now made against its allowance is, that appellee appeared in the court below as his own solicitor, and therefore no fee can be legally allowed him. It is true that he signs the bill *pro se,* but there is no proof that in the litigation which followed he was not represented by other solicitors. On the contrary, there is evidence proving that he was. On the allegations and proofs there was no error in allowing the solicitor's fee.

The decree must be affirmed.

*Decree affirmed.*

Mr. JUSTICE BAKER took no part in the decision of the case in this court, he having participated in the decision made therein in the Appellate Court.