## Cream City Mirror Plate Co. v. The Swedish Building & Loan Association.

1. COVENANTS—*Breaches—Claims of Patentees—Right to Use Fixtures.*—The right of a patentee to the use of a machine which, as a fixture, passed to the grantee in a deed of conveyance, is a burden upon the grantee's right to use the machine and a breach of the covenant against incumbrance.

Covenant.—Appeal from the Circuit Court of Winnebago County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the December term, 1897. Reversed and remanded. Opinion filed February 28, 1898.

WORKS & HYER, attorneys for appellants.

A right of dower is an incumbrance whether it is inchoate or consummate by the death of the husband; so is the existence of a paramount private right of way; so is a prior covenant that no intoxicating liquor shall be sold on the premises; so is the right of a third person to live in a part of a house which has been conveyed. 2 Devlin on Deeds, Sec. 907.

The right of a third person to use a stairway on the premises is an incumbrance. McGowen v. Myers, 14 N. W. Rep. 788.

The covenant of warranty is regarded as broken by the loss of any incorporeal right annexed or incident to the land conveyed. 19 Am. & Eng. Ency. of Law, 996.

Where a furnace and grist mill near a canal were leased with the covenant of general warranty, and the agents of the Commonwealth cut off the water supply, this constituted a breach of the covenant. Peters v. Grubb, 21 Pa. St. 455.

A disturbance of the free and uninterrupted use of land is in law an eviction and breach of the covenant of warranty. Rea v. Minkler, 5 Lans. (N. Y.) 196; see also Scriver et al. v. Smith, 100 N. Y. 471; Bowling v. Burton (N. C.), 7 S. E. Rep. 701.

Where personal property is sold and is covered by letters patent held by a third person, the patent is such an incumbrance upon the right to use the article sold as will constitute a breach of the implied warranty of title. Siegel v. Brooke et al., 25 Ill. App. 207.

R. K. WELSH, attorney for appellee.

A patent is incorporeal personal property. It is a mere privilege or license and confers no title whatever to an infringing machine or device, much less can it be the source or basis of any title, interest or right in or to real estate. Rapalje & Lawrence's Dictionary, Vol. 2, p. 938; Rodgers v. Torrant, 43 Mich. 113; Seigel v. Brooke et al., 25 Ill. App. 207.

To constitute a breach of the covenant there must be an eviction, either actual or constructive, from the possession of the whole or a part of the premises, and this eviction must be by title to the property, or some part thereof, both lawful and paramount. Beebe v. Swartwout, 3 Gil. 180; Bostwick v. Williams, 36 Ill. 65; Jones v. Warner, 81 Ill. 343; Warvelle on Vendors, Vol. 2, 1002; Jones on Real Property and Conveyancing, Vol. 1, Secs. 903-4-5; Waldron v. M'Carty, 3 Johns. (N. Y.) 471; Whitbeck v. Cook, 15 Johns. (N. Y.) 483; St. John v. Palmer, 5 Hill (N. Y.) 599.

A constructive eviction only occurs where the premises are in the adverse possession of one holding under a separate title, and where the grantee surrenders the possession to one having a better title in order to avoid an inevitable expulsion from the premises. Without one or the other of these

364    APPELLATE COURTS OF ILLINOIS.

VOL. 74.] Cream City Mirror Plate Co. v. Swedish B. & L. Ass'n.

conditions there can not be a constructive eviction.   Maupin on Marketable Title to Real Estate, Sec. 146, p. 345.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

Appellant sued the appellee in an action of covenant upon a deed of warranty conveying premises therein described. The declaration contains two counts, one for a breach of covenant against incumbrances, and the other for quiet and peaceable possession.   The real estate conveyed was a manufacturing plant and the lots upon which the same was located.   The declaration avers that a part of the premises so conveyed and  warranted consisted of a fixture, or machine, called a dust collector; that at the time the deed was executed and  delivered  the Allington & Curtis Manufacturing Company owned and controlled a United States patent on the machine, and had not granted to appellee, or any other person, the right to use such machine, and the right and claim of said company was superior to that of appellee or appellant, or other person; that it demanded compensation for the use by appellant of the same; that a contest of such demand would have been unavailing; appellee was notified to protect and defend appellant from such claim and demand, but it failed so to do.   Appellant yielded to such demand and paid to said company $300 for the right to use such machine, that being the least amount for which such right could be purchased; and which was a reasonable sum.   A demurrer was interposed to the declaration, and each count thereof, which was by the court sustained, and appellant electing to abide by its declaration, final judgment in bar of action was rendered, from which it appeals to this court, and assigns for error the sustaining of the demurrer.

Under the first count of the declaration, the only question which it will be necessary for this court to determine is, whether the facts stated constitute a breach of the covenants against incumbrances.   The demurrer admits the well pleaded facts of the declaration.   In our opinion the facts stated show a substantial and legal claim to have existed

against a part of the property covered by the covenant of warranty at the time the deed was made. The claim of the patentee was a burden and charge upon the use of the machine. Appellee at the time of its conveyance had no right to use the machine, and therefore was without the right to convey a clear title thereto; and appellant having been required to pay for such right, clearly shows a breach of the covenant against incumbrances. This seems to us elementary, and follows from the ordinary, as well as the legal, definition of an incumbrance. It is defined by Webster: "1. A burdensome and troublesome load; anything that impedes motion or action, or renders it difficult or laborious; clog; impediment; hindrance; check. 2. (Law.) A burden or charge upon property; a legal claim or lien upon an estate, which may diminish its value." Burrill's Law Dictionary defines it: "A burden or charge upon property; a legal claim or lien upon an estate; such as a judgment or mortgage."

By the admitted facts the Allington & Curtis Manufacturing Company had a clear right of action against appellant for infringement of its patent, or it might have enjoined the further use of the machine; this right existed against appellee when it conveyed and warranted the dust collector. In view of such patent rights in a third person, by which the use of the machine could be wholly taken away, it is difficult to see why the covenant against incumbrances was not broken. Surely such a claim is a clog, an impediment, a hindrance and check upon the use, and a burden or charge upon the property, a claim upon the estate which diminished its value—an incumbrance. Is not the proposition self-evident? Any other conclusion would be irrational and absurd, having the effect to leave warranted property in the hands of the covenantee, useless and without value, with no remedy against the covenantor, and he must either loose the value, the right to use the property, or pay the reasonable demand of the superior claimant to its use, with no redress against the person upon whose contract he relied, that led him only to deception. We are unwilling to admit

366    APPELLATE COURTS OF ILLINOIS.

VOL. 74.] Cream City Mirror Plate Co. v. Swedish B. & L. Ass'n.

that the law is so puny that it affords no remedy for such a wrong.

These principles are not without authority for their existence. The case of Seigel v. Brooke, 25 Ill. App. 207, was where the question arose whether existing patents upon goods sold was such an incumbrance as constituted a breach of the implied warranty of the title. It was held—Justice Bailey delivering the opinion of the court—that while the patent gave the patentees no right to the goods themselves, it gave them a right to control or prohibit their use; others might receive the goods, and retain them in their possession, and so long as they did not use them might be free from interference, but if they attempted to use or sell them, they would be liable to prosecution for infringement, or might be wholly restrained; while the patent in no proper sense is an incumbrance upon the goods themselves, it was a very serious incumbrance upon their use; there was no beneficial enjoyment of the goods without serious consequences of a highly penal nature, and the conclusion of the court was that such incumbrance upon the right to use the article was such a defect of title as constituted a breach of the implied warranty, citing Sanborn v. Jackman, 60 N. H. 569, where it was similarly held that an existing patent constituted a breach of the implied warranty of the article sold.

What we have so far said applies only to the first count of the declaration, and it follows that the court erred in sustaining the demurrer to that count.

The second count is for the breach of the covenant for quiet and peaceable possession. The weight of authority seems to be, that to sustain an action for such a breach, it must appear that the grantee has been evicted by title both lawful and paramount; there must be an actual eviction, or disturbance of the possession of the covenantee, and something must be done asserting title, or there is no breach. Beebe v. Swartwout, 3 Gilm. 162 and authorities cited; Barry v. Gould, 126 Ill. 439.

It is manifest the doctrine does not apply to the case now

under consideration, as there is no pretense that appellant has been disturbed in his possession of the machine; no effort was made to deprive him of the title, or physical possession, but as has been seen, merely to deprive him of the use thereof. The demurrer to the second count was therefore properly sustained.

For the error indicated, the judgment of the Circuit Court will be reversed and the cause remanded.