Dart *v.* McAdam.

---

## DART *vs.* McADAM and others.

M. executed his bond and mortgage to B. to secure the payment of $3000, upon the agreement of B. that he would pay and advance that sum to M., no money being actually advanced at the time. Subsequently, B. paid and advanced upon the mortgage, at different times, money to the amount of $1115, when he neglected and refused to advance any more. In an action to foreclose the mortgage, *Held* that M. could not set up as a defense that he had sustained great damage by the failure of B. to fulfill his agreement and advance the whole $3000, and had been put to great trouble and expense in making journeys from his residence to that of B. to obtain the money. That, at most, M. was entitled to only nominal damages.

*Held also,* that at the time the first money was advanced by B., M. had the right to insist upon the delivery to him of the whole $3000, and upon B.'s failing to pay the whole amount, he could have insisted that the bond and mortgage should be satisfied and canceled. But that he having accepted a portion of the $3000, the bond and mortgage became operative and a security for the repayment of the amount advanced.

It is immaterial whether the proceedings in an action, subsequent to the verdict, are in the circuit or in the special term. If the record is wrong in stating that the circuit court made the orders and directed judgment, &c., it can be amended. It is not cause for reversal.

If the practice was irregular, the remedy would be by motion.

ACTION to foreclose a mortgage executed by the defendant McAdam, bearing date December 10, 1852, to secure the payment of $3000, according to the condition of

a bond of the same date, executed by the mortgagor. Woodruff L. Barnes was the mortgagee, and the plaintiff was the assignee of the bond and mortgage. It was stated in the complaint, that at the time the bond and mortgage were executed, no money or other valuable thing was paid therefor, but that subsequently, at different times, Barnes paid and advanced to Dart, the plaintiff, different sums; stating when, and the amounts, making in all $1115, under an agreement that the mortgage should stand as a security for the payment thereof, to Barnes. In their answer, McAdam and wife alleged that the mortgage was executed to Barnes upon the express agreement of Barnes, and as the sole consideration for the same, that Barnes should pay and advance to McAdam the sum of $3000, and the sums actually advanced, from time to time, were in part performance of that agreement. That after paying and advancing, in different sums, $1115, Barnes neglected and refused to pay or advance any further sum, or to perform his agreement. That the bond and mortgage were held by Barnes as security for the $1115, until the whole $3000 should be paid and advanced. That McAdam frequently called upon Barnes, making journeys from Niagara county to Buffalo, for the remainder of the money; that Barnes neglected and failed to pay it. That the defendant McAdam was put to great trouble and expense, and sustained great loss, to wit: $500, by reason of Barnes' failing to advance and pay the money, &c. McAdam also alleged other special damages. The defendants claimed that they would recoupe the damages; also, that the mortgage could not be enforced as to him, upon the mortgaged premises. The plaintiff replied, putting in issue the new matter in the answer. By consent, a reference was ordered, to a referee, to settle issues, as follows: 1. Were the bond and mortgage executed upon the express agreement of Barnes that he should pay and advance to McAdam the sum of $3000 ? 2. Did Barnes refuse to advance to McAdam, on the bond and mortgage, the balance of the money over and above the $1115 ? 3. Was it agreed

Dart *v.* McAdam.

when the advances were made, that Barnes should afterwards advance on the bond and mortgage, to McAdam sufficient to make up $3000 in all? 4. What amount of damages did McAdam sustain by reason of Barnes' failing to advance the remainder of the $3000.

The issues were tried at the circuit court held in Niagara county in Nov. 1854, by Justice MULLETT. The jury found in the affirmative upon the first three issues, and upon the fourth they found six cents damages for the defendant, McAdam. The court, upon the proper proof of other facts as to the defendants not appearing, ordered judgment in the usual form for the plaintiff, for the amount advanced upon the mortgage, with interest thereon, amounting to $1430.26. The defendants, McAdam and wife, made and presented exceptions, from which it appears, among other things, that McAdam gave evidence tending to show that he went to Buffalo, at the request of Barnes, five or six different times, from his residence in Pendleton, and on the promise of Barnes to advance him the balance of the $3000, and that the costs and expenses of each journey were $5. Also evidence tending to show that in consequence of Barnes' failing to advance the balance of the $3000, McAdam had suffered damage to the amount of $200. The court charged the jury that they could find no more than nominal damages in favor of McAdam, and the defendant McAdam excepted. Some questions were raised upon the subsequent proceedings, and exceptions taken, which are sufficiently noticed in the opinion. The defendants appealed.

*Gardner & Lawrence,* for the appellants.

*Marshall & Harvey,* for the respondent.

*By the Court,* MARVIN, J. The counsel of McAdam argue that the plaintiff cannot recover any thing, he having failed to perform the agreement on his part; and they cite those

authorities relating to special contracts for the sale and, delivery of a specified quantity of any article, or for labor for a certain period, in which the vendor or the laborer must fully perform before he can recover the stipulated price. They also argue that if the plaintiff can recover, the defendant McAdam was entitled to damages, more than nominal, for the breach of the agreement by Barnes.

I think the counsel are wrong upon both these points, and that the ruling of the court, as to damages, was entirely correct. The jury have found that the bond and mortgage were executed upon the express agreement that for them Barnes should pay and advance to McAdam the $3000. The first advance or payment was $100, nearly a month after the execution of the bond and mortgage. At this time I have no doubt that McAdam had the right to insist upon the delivery to him of the whole $3000, and upon Barnes' failing to pay him the whole amount, he could have insisted that the bond and mortgage should be satisfied and canceled. But having accepted a portion of the $3000, the bond and mortgage became operative, and a security for the repayment of the amount advanced; and so as to all the sums paid from time to time by Barnes to McAdam. That it was agreed, at the time each sum was advanced, that Barnes should afterwards advance on the bond and mortgage, to McAdam, sufficient to make up the $3000, does not change the question. There was no special agreement that the bond and mortgage should not be a valid security until the whole sum was advanced. The cases cited by the learned counsel have no application to this case.

Barnes broke his agreement. What was the measure of damages? The contract was for money—a loan of money. If Barnes had performed it, McAdam would have been at once chargeable with interest. The law has fixed the value of money, and the equivalent for its use.. Not so as to any thing else. A, agrees to pay B. a certain sum, on a certain day, and he fails to pay. B. can only recover the money

Dart *v.* McAdam.

specified in the contract, with the lawful interest thereon to the time of payment, though he may have been ruined by A.'s failure to pay at the day. The law cannot, in such a case, speculate as to the amount of damages. It has established a fixed rule for the value of the use of money. Money is the measure of value of all other things. And it is important that the law should establish a fixed value for its use, and the damages for withholding it when due. In the present case Barnes agreed to advance or loan to McAdam a certain sum of money, for the use of which McAdam was to pay the interest fixed by law. If he received the money he was to pay, for its use, all its use was worth. How then, as a question of law, can it be said that he has sustained damage, in not receiving the money? Barnes failing to furnish him the money, he is relieved from paying for its use. These principles also apply to the costs and expenses of his journeys to Buffalo for the money. If he had received the money when he called for it, he would have been compelled to pay interest from that time; and neither he nor any one else would then have supposed that he would be entitled to have his costs and expenses refunded. I can discover no basis for damages. The issue, as settled, was what amount of damages did McAdam suffer by reason of Barnes' failing to advance on the bond and mortgage the balance of the $3000? It was not what damage did he sustain by reason of his going to Buffalo, at the request of Barnes and on his promise to advance the rest of the money?

In my opinion, the decision of the learned justice, touching the damages for the breach of the agreement by Barnes, was not erroneous.

I think, also, that the proper disposition of the case was made by the court. After the jury had given their verdict upon the issues settled, the court proceeded to ascertain the amount due upon the mortgage. The usual affidavits, relating to parties defendants who had not appeared, were read. The counsel supposed that this could not be done at the cir-

cuit, but that it was business for a special term, upon a notice founded on the verdict, &c.   The judge was holding a circuit and special term, and it .is not material in which court the papers show the proceedings to have been had.   There was a court there that had power to do all that was done; and if the record is wrong in stating that the *circuit.court* made the order, and directed judgment, &c. it can be amended.   It would not be cause for reversal.   And so, if the practice was irregular, the remedy would be by motion.   But, in my opin- ion, it is quite immaterial whether the proceedings subsequent to the verdict were in the circuit or special term.   A judg- ment, in the first instance, is to be entered upon the direction of a single judge, &c.   (*Code*, § 278.   *And see* §§ 254, 255, 260, 261.)

The judgment should be affirmed.

[GENESEE GENERAL TERM, May 17, 1858.   *Grover, Marvin* and *Davis,* Justices.]

