JAMES S. SANDFORD, HALSEY SANDFORD and GARRETT H. STRIKER, Jr., Executors, and JANET S. SANDFORD, Executrix of EDWARD SANDFORD, deceased, Respondents, *v.* HESTER ANN TRAVERS and JANE TRAVERS, Appellants.

Since the Revised Statutes, no covenants can be implied in conveyances of real estate.

Upon the foreclosure of a mortgage given for the purchase money, simultaneously with a conveyance by the mortgagees, who are executors, containing no covenants, except against the acts of themselves and their testator, it is no defense that a portion of the property was, at the time, covered by an incumbrance not existing through, or imposed by, any act or omission specified in the covenant.

But in contracts, other than conveyances of land, covenants may be implied. MURRAY, J.

Where, upon a conveyance of city lots, and the execution by the purchaser of a bond and mortgage to secure the purchase money, at the same time, as *a part of the same transaction*, a written agreement is entered into between the parties, with reference to the erection by the purchaser of certain buildings upon the lots conveyed, and the release from the lien of the mortgage, by the vendor, of certain portions of the property built upon, in an action to foreclose the mortgage, damages sustained by the mortgagor from a breach of any of the expressed or implied covenants of the mortgagee in such agreement, may be set up as a counter claim under the Code, and recouped. MURRAY, J.

But where the agreement recites the giving of the conveyance, and that a portion of the security of the purchase money is to consist of buildings to be erected upon the lots by the purchaser, and the purchaser, in *consideration of the premises* (*i.e.* the giving of the deed, and that a part of the security for the purchase money is to consist of buildings to be erected by him), agrees to erect buildings in the manner and within the time particularly specified, and the vendor agrees, upon their completion, to release a portion of the lots, so built upon, from the lien of the mortgage, it cannot be inferred from the contract that the vendor intended to incur any further responsibility than that strictly arising from the covenants in his deed. In such a contract, no covenant will be implied upon the part of the vendor, that the premises should be in a suitable condition to build upon, at the time the purchaser is required to proceed with the building, or open to his occupation.

(This cause was argued on the 13th January, 1869, and decided on the 20th March, 1869.)

THIS is an action to foreclose a mortgage given for the purchase price of the premises described therein. It is defended on the ground that a portion of the land conveyed was occupied under a tax lease from the mayor, aldermen and commonalty of the city of New York. Defendants also sought to counter claim damages sustained by them in consequence of a breach of covenants on the part of plaintiff.

January 5th, 1854, G. S. and J. Mott, conveyed, by deed to the late Edward Sandford, sixteeen city lots between 52d and 53d streets, on 8th and 9th avenues, in the city of New York, four hundred feet front on each street, running through. The deeds contained covenants of seizin, quiet enjoyment, against incumbrances, for further assurance and warranty. In 1855, Edward Sandford died, leaving a will, and James S. Sandford, Halsey Sandford, and Garret H. Striker were duly appointed executors, and Janet S. Sandford executrix thereof. The will empowered the executors to convey real estate.

December 13th, 1855, the executors, as such, conveyed to defendant, Hester Ann, said city lots. The deed contained a warranty against anything which they, or their testator, had, done or suffered to be done, but nothing further.

On the same day, and as part of the same transaction, the parties entered into an agreement in writing, referring to said deed, whereby defendants agreed to build twenty houses on said lots, by the 1st of October, 1856, and plaintiffs agreed to release a portion of said houses, and the lots on which they stood, from a mortgage, at the same time given by the said Hester Ann, to secure the purchase price.

On the same day, and as a part of the same transaction, the defendants executed a bond to plaintiffs for payment of the purchase price of said lots. First installment of interest to become due August 1st, 1856, and on failure to pay any installment of interest, the whole amount secured to be paid, after fifteen days, to be due, at the option of the mortgagees. At the same time, the defendant, Hester Ann, gave a mortgage to the plaintiffs, to secure the payment of the bond, according to its terms. To secure the full performance of the contract, and

as a further security for its performance, the defendants procured the bond of one Samuel G. Smith, to be delivered to plaintiffs, for the payment of $2,000, in case of a failure.

Some time thereafter, the precise time not appearing, but before August 1st, 1856, the defendants made arrangements with a builder to erect the houses, and for that purpose, went to the lots and found the westerly ten lots in possession of one Dusenbury, who was preparing to build thereon. He held under a tax lease for 400 years, given by the mayor and aldermen, and commonalty of the city of New York. Dusenbury refused to give up possession. The builder abandoned the job. The defendants repeatedly called on the plaintiffs, in regard to it, but the defendants could not get possession of said ten lots. The first installment of interest was not paid. In October 1856, this action was commenced. It was referred to Henry Nicoll, Esq., to hear and determine. On the trial, the defense and counter-claim were overruled. Judgment of foreclosure was ordered, and sale of the premises, the defendants to be charged with any deficiency. An appeal was taken to the General Term, and the judgment there affirmed. The defendants appeal to this court.

On the argument, the respondent's counsel consented that the judgment for deficiency be stricken out.

*Wm. H. Anthon,* of counsel for appellants, cited upon the point, that the purchasers never having had possession, nor a vested present fee, equity will not allow a foreclosure of their mortgage, (*Platt* v. *Gilchrist,* 3 Sandf. Sup. Ct. R., 118; *Edwards* v. *Bodine,* 26 Wend., 109; *Leggett* v. *McCarty,* 3 Edw., 124.) Upon the point that the deed, bond and mortgage, and building contract, were to be taken together as one entire contract, by which the plaintiffs were bound to give the defendants possession, and their failure to do so was a breach on their part, forfeiting their right to foreclose, he cited 15 Johns., 463; 2 Den., 130; 4 Seld., 118.

*George De Forest Lord,* of counsel for respondents.

MURRAY, J. The deed of the defendant, Hester Ann Travers, is not void, under section 147 of 1 R. S, page 739, for the reason there is no evidence in the case, showing that, at the time such conveyance was delivered, the lots, or any part thereof, were in the actual possession of any person claiming under a title adverse to that of the grantors.

The lease from the mayor, aldermen, and commonalty of the city of New York, under which Dusenbury claimed to hold ten of the lots, bears date June 6th, 1850. The deed, through which the plaintiffs' testator obtained title, bears date January 5th, 1854, nearly four years subsequent to the date of that lease. No part of the incumbrance on said premises was imposed by anything the plaintiffs or their testator did, or suffered to be done. Therefore, none of the covenants in the deed, given, by the said executors, to the defendant, Hester Ann, are broken by the existence of the incumbrance complained of. There was no breach of covenant, of which the defendants could complain, as against the plaintiffs.

There is nothing in the deed or mortgage, which should prevent a judgment of foreclosure for the non-payment of the interest when it became due. No covenants will be implied in any conveyance of real estate. (1 R. S., 738 § 140; *Burwell* v. *Jackson*, 5 Selden, 535; *The Mayor, &c.*, v. *Mabie*, 3 Kernan, 151.)

The defendants, on the trial, offered to prove the amount of the damages they had sustained in consequence of the breach of the plaintiffs' covenants, for the purpose of a counter claim. That was objected to by the plaintiffs, and excluded by the referee. The defendants excepted. The bond, which the mortgage was given to secure, was given by both defendants. The building contract was signed by both defendants. The bond, mortgage, and contract, arose out of the same transaction. The defendants, therefore, had a right to counter claim any damages they sustained, in consequence of a breach of the covenants of plaintiffs, either express, or implied, in said contract. (Code, §§ 149, 150.)

That brings up the question, whether the plaintiffs, by

the building contract, agreed that these premises should be in a suitable condition to build upon, when the defendants were required, by the contract, to proceed with the building. No such covenants were expressed in the contract. A cove- nant may be implied in such contract. (*Barton* v. *McLean*, 5 Hill, 256, and cases cited.)

The statute, that no covenant will be implied in any con- veyance of real estate, does not apply to this contract. It is not a conveyance of real estate. (*Tone* v. *Brace*, 11 Paige, 566; *The Mayor, &c.,* v. *Mabie*, cited above; *Burwell* v. *Jackson*, cited above.)

This contract was signed by the parties. It commences with the words, " Agreement entered into between the parties," which make it mutual. But it recites the then giving of said deed, and refers to it as a part of the contract, and then says, " in consideration of the *premises ;*" evidently cited with the intention of showing the relation between the parties, as to the lands, on which the houses were to be erected; also reciting the fact that a portion of the security of the purchase money of said premises, was to consist of buildings and improvements thereon to be erected by defendants, repelling the idea that the plaintiffs, on their part, were to enter into any new covenants or to incur any new responsibility. It cannot be inferred from the contract that the plaintiffs so intended, or that the defendants so understood it. No cove- nants can be implied in said contract, in addition to those expressed. The referee was right in excluding the offer to counter claim damages.

There is some question, whether the offer of defendants presented this question, on the contract, but I prefer to place my opinion on the merits, overlooking any technical ques- tions.

In this transaction, the parties probably acted under a mutual mistake of facts. Neither contemplated that there was any question about the title, or that there was any incum- brance thereon. The defendants have derived no benefit from said purchase. Equity would require, plaintiffs consenting

thereto, that the defendants be charged with no deficiency. The judgment should be so modified, and, in all other things, affirmed.

The defendants should be charged with costs of this appeal.

All the judges were for affirmance with the modification suggested in MURRAY, J.'s opinion, the plaintiffs having consented thereto on the argument.

Judgment affirmed, with costs, except as to personal judgment for deficiency, which was stricken out.