REBECCA M. E. QUACKENBUSH *v.* MARIA O'HARE et al.

SYLVANUS T. CANNON, Respondent, *v.* GEORGE W. WASHBURN et al., Appellants.

The court may not release a lien, without actual payment, merely because the holder thereof has also a lien upon other property, to which he may resort for the satisfaction of his debt, and which the proof shows is sufficient for that purpose.

Upon application for surplus moneys arising on foreclosure sale, it appeared that there were two mortgages which were liens upon the premises sold subsequent to the mortgage foreclosed; the senior one also covered other lands, which the proof showed and the referee found were of value more than sufficient to satisfy the mortgage, and the junior mortgage only covered those premises. *Held*, that the court had no power to displace the prior lien in favor of the junior mortgage, and to compel the owner of the former to resort to the other lands covered by it to obtain payment.

As to whether, if the owner of the junior mortgage had offered to pay the prior one and demanded an assignment of it, he could have been subrogated to all the rights of its owner as against the other real estate, *quære.*

Reported below, 61 Hun, 388.

(Submitted November 30, 1891; decided January 20, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made October 16, 1891, which affirmed an order of Special Term confirming the report of a referee as to the distribution of surplus moneys.

The substance of the order and the facts, so far as material, are set forth in the opinion.

*Earley & Prendergast* for appellants.     The $2,000 mortgage under which Cannon claims, but which Steers, in fact, holds,

covering three different parcels, and the West Third street property being the last one of those three parcels aliened by the mortgagor, that property is primarily liable for the satisfaction of the mortgage. (*Ingalls* v. *Morgan*, 10 N. Y. 178; *Barnes* v. *Mott*, 64 id. 402; *Hopkins* v. *Wolley*, 81 id. 77; *Schriver* v. *Teller*, 9 Paige, 173; *Hart* v. *Wandle*, 50 N. Y. 386.) The West Third street property being the primary fund for payment of the $2,000 mortgage, and such property being held by Steers, and the mortgage having been paid by, and being also held by him (that is, by Cannon, for him) he cannot collect the mortgage from the surplus arising from the other property. (*Guion* v. *Knapp*, 6 Paige, 35; *H. Ins. Co.* v. *Halsey*, 8 N. Y. 271; *Miles* v. *Fralich*, 11 Hun, 561.) Neither Steers, nor Cannon, his representative, can have greater rights than could Suydam, the original mortgagee. (10 N. Y. 186.) In this surplus proceeding, Washburn & Barnes are entitled to the benefit of all defenses of what ever kind they may have to the mortgage under which Cannon claims. (*Bergen* v. *Carman*, 79 N. Y. 151; *Fleiss* v. *Buckley*, 90 id. 294; *Burchill* v. *Osborne*, 119 id. 491.) The claim of Cannon should have been dismissed because he is not the real party in interest. (Code Civ. Pro. § 449.)

*Henry G. Atwater* for *S. T. Cannon* respondent. The Suydam mortgage has not been merged or paid. (Thomas on Mort. § 9; *Lawrence* v. *F. L. & T. Co.*, 13 N. Y. 209; *Matthews* v. *Sheehan*, 69 id. 585; *Simon* v. *Schmidt*, 41 Hun, 318.) Mr. Cannon was entitled to prosecute the proceedings. (Code Civ. Pro. § 449; *Sheridan* v. *Mayor, etc.*, 68 N. Y. 30.) The rule of inverse order of alienation does not control the disposition of the surplus moneys. (*Burchill* v. *Osborn*, 119 N. Y. 486; Story's Eq. Juris. § 1233; *Stevens* v. *Cooper*, 1 Johns. Ch. 425.) The Second avenue property must be regarded as the one last incumbered. (Story's Eq. Juris. § 390; Pom. Eq. Juris. § 1225; *Lee* v. *Munroe*, 7 Cranch, 366; *Brinckerhoff* v. *Lansing*, 4 Johns. Ch. 65.) The doctrine of marshaling securities cannot be invoked. (*Reilly* v. *Mayer*,

1 Beasley (N. J.) 155; *Cheesebrough* v. *Millard,* 1 Johns. Ch. 409; *Reynolds* v. *Tooker,* 18 Wend. 591.)

*Samuel Untermyer* and *Moses Weinman* for Murray Hill Bank, respondent. The equities of the Murray Hill Bank are superior to those of Washburn & Barnes and of Steers. In marshaling the securities, as between Washburn & Barnes on the one hand and Cannon and Steers on the other, the court should not trench upon or prejudice the rights of the Murray Hill Bank. (*Berry* v. *Ins. Co.,* 2 Johns. Ch. 603; *Grosvenor* v. *Allen,* 9 Paige, 74; Pom. Eq. Juris. 1414; *Evertson* v. *Booth,* 19 Johns. 486, 493; *Woolcocks* v. *Hart,* 1 Paige, 185; *Jervis* v. *Smith,* 7 Abb. Pr. [N. S.] 217; *Leib* v. *Streibling,* 51 Md. 285; *Marr* v. *Lewis,* 31 Ark. 203; Bispham on Equity, 403; *Reynolds* v. *Tooker,* 18 Wend. 591; *Ayers* v. *Husted,* 15 Conn. 504; *John* v. *Reardon,* 11 Md. 465.) The rule of selling separate parcels covered by a mortgage in the inverse order of alienation cannot be invoked. But if the property included in the Cannon mortgage be so applied, the Second avenue property would be liable in the first instance. (Pom. Eq. Juris. § 1225; *Chapman* v. *West,* 17 N. Y. 125; *N. Y. L. Ins. Co.* v. *Cutler,* 3 Sandf. Ch. 176; *L. F. F. Ins. Co.* v. *Bill,* 22 Barb. 54.)

O'BRIEN, J. The order appealed from disposed of surplus moneys amounting to the sum of $2,737.75, arising upon the foreclosure of a mortgage made by the defendant to one Elizabeth Hillenbrand, February 28, 1884, and recorded the following day. It was subsequently assigned to the plaintiff and covers certain premises on Second avenue in the city of New York. The controversy in regard to the surplus was between the defendant Cannon on the one hand and the defendants Washburn & Barnes on the other. The referee reported that Cannon was entitled to have his claim paid out of the fund first, and this report was confirmed at the Special Term, and the order of that court affirmed at General Term. Washburn & Barnes are the only parties who appeal to this court.

It appears from the findings that the defendant Cannon is the owner of a mortgage of $2,000, dated January 9, 1885, and recorded July 22, 1885, which covers the premises sold under the decree of foreclosure in the action, and it is beyond all dispute a lien next to that of the mortgage foreclosed by the judgment upon which the surplus arose. But this mortgage is a lien on three separate pieces of real estate: (1) The house on Second avenue which was sold under the judgment in this case, and from which the surplus came; (2) certain premises on Seventy-fourth street; (3) certain premises on West Third street. Washburn & Barnes hold a junior mortgage for over $3,000, dated January 28, 1887, and recorded February 11, 1887, covering the Second avenue property only. The Murray Hill Bank holds a mortgage of $2,500, dated November 11, 1886, which covers the Seventy-fourth street property only. One Steers holds a mortgage of about $11,000, dated February 2, 1887, covering the West Third street property only. One Suydam is the owner of a mortgage of $2,000, dated July 9, 1885, which covers the three pieces of property, and the same has been assigned to Cannon as trustee for the owner.

Washburn & Barnes insist that they should have the surplus to pay their mortgage, which is a lien next to that of Cannon, and that he should be driven to a sale of the other two pieces of property covered by his mortgage, which they claim is abundant security for the payment of his debt. But the Murray Hill Bank, holding a mortgage on the Seventy-fourth street property, objects to this, as its security will thereby be endangered. Steers also objects, as this will endanger his security, which is confined to the West Third street property only, while Cannon, holding a mortgage on the three pieces, also objects. The lien of Cannon upon the land, next to that of the mortgage foreclosed, was transferred from the land to the surplus fund. No one claims that he has not the first lien, and the only question is whether he can be prevented from enforcing his prior lien to enough of the surplus money to satisfy his mortgage. The owners of the Seventy-fourth

street and West Third street property are not parties to this action. Had all the parties interested in these two pieces of property been made parties to this action, and all the property sold and the proceeds in court, it is possible that a court of equity could apply the doctrine of sale in the inverse order of alienation, or would so marshal the securities as to accomplish the purpose which Washburn & Barnes seek to attain in these proceedings. (*Burchell* v. *Osborne*, 119 N. Y. 486.) But that must be done in an action for that purpose where the whole fund resulting from the sale of all the pieces of property is under the control of the court, and all the parties interested are before it. There is no room for the application in a proceeding like this, and upon facts such as exist here, of the equitable rule that where a creditor has a double fund to which he may resort for satisfaction of his debt, and another creditor has only one of these funds, the first creditor will be required *primarily* to resort to that fund for the satisfaction of his debt, over which he has the exclusive control. That rule, of course, implies the right of the creditor with the double fund or security to appropriate both funds if necessary. The attempt is made in this proceeding to displace the prior lien of Cannon not by payment, but by proof which, it is claimed, shows that the remaining two pieces of property are sufficient to pay the debt. But the owner of a mortgage cannot be deprived of his lien on the application, in a proceeding like this, of a junior mortgagee upon proof, however strong or apparently conclusive, that he still has sufficient property to pay his debt. The court cannot release a lien without actual payment merely because witnesses testify, and the referee finds, that the holder of the lien has other property of his debtor to which he can resort for the satisfaction of his debt. Had Washburn & Barnes offered to pay the prior mortgage held by Cannon, and demanded an assignment of it, it is possible they might be subrogated to all the rights and to the position of Cannon, and after receiving the surplus money here be entitled to call upon the owners of the Seventy-fourth street and West Third street property to contribute towards the payment of the mortgage.

But whatever equitable rights they might have in an appropriate proceeding, it is quite clear that they cannot in an application for surplus money, displace the prior lien by proof or finding that the other property is sufficient in value to pay and discharge the debt secured by the lien. Their remedy, if any, is by means of some other proceeding.

The order should, therefore, be affirmed, with costs.

All concur, ANDREWS and GRAY, JJ., in result.

Order affirmed.