(13 App. Div. 184.)

## PRICE v. ALYEA et al.

(Supreme Court, Appellate Division, Second Department. January 26, 1897.)

PURCHASE-MONEY MORTGAGE—PRIORITY OF LIENS.

The holder of a purchase-money mortgage, who consents to discharge his mortgage, and to take another and larger one on the same property, subject to a second mortgage, does not, to the extent of the sum secured by his original mortgage, lose priority over liens other than the second mortgage, where the other lien holders were not parties to the agreement.

Appeal from trial term, New York county.

Action by Alfred B. Price against William Alyea and others to foreclose a mortgage. The appeal was transferred to the Second department. From a judgment of foreclosure, and that defendants Alyea & Hughes' liens were subordinate to the mortgage, said defendants appeal. Affirmed.

The facts are that Edward B. Judson, the mortgagor, was the owner of the property upon which the mortgage in suit was a lien. Being desirous of improving the property, he entered into an agreement with one John B. Cole to secure a loan upon the property. At this time there existed as a lien upon the property a purchase-money mortgage for $14,000, given by Judson to Cole, which Cole had assigned to the plaintiff. Cole made an arrangement with the Citizens' Savings Bank to advance to Judson the sum of $70,000, taking as security therefor a first mortgage upon the property. This was accomplished by using $50,000 in discharge of incumbrances then upon the property, and providing for the subsequent advance of $20,000 at various stages, as the contemplated improvement should be made. Plaintiff consented to and did discharge his mortgage as a lien prior to the bank's mortgage, and in subordination thereto a new mortgage was executed and bond given by Judson to Cole in the sum of $17,000. This mortgage was assigned by Cole to plaintiff, and is the mortgage in suit. Prior to the execution of this mortgage, the said Cole entered into an agreement, in writing, whereby he agreed to advance moneys to said Judson in varying amounts and at times, and especially agreed to advance the sum of $3,000 upon the faith of the present mortgage, and such sum represented in fact the difference in the amount secured by the mortgage which plaintiff surrendered and the present mortgage. The last mortgage makes no reference to this agreement, although it is claimed that in fact plaintiff had notice of its existence, and that the further sum of $3,000 was to be advanced upon the strength of it at the time when the same was assigned

to him. The $3,000 was never advanced by Cole to Judson or by any other person. The present mortgage is only attempted to be enforced for the sum of $14,000 and interest, and the judgment provides for enforcement of no more than that sum. Judson began the erection of a structure upon the mortgaged premises, and the defendants Alyea & Hughes furnished material and performed labor, for which there remains unpaid the sum of $933.07, for which they have filed a mechanic's lien. By answer served herein they allege, inter alia, the existence of the written agreement heretofore mentioned between Cole and Judson, and the giving of the present mortgage, and aver that the amount secured by the mortgage was not advanced to Judson, and that, after the lien was filed, this action was commenced by collusion between the said Cole and Judson, with knowledge upon plaintiff's part, and for the purpose of forcing Alyea & Hughes to cancel and satisfy the said lien without payment. The court found that defendants had failed to comply with the terms of the mortgage by omitting to pay the sum of $14,000 secured thereby, together with the interest thereon. The court also found that defendants' lien was subordinate to the lien of the mortgage. Judgment of foreclosure of the mortgage for the sum of $14,000, with interest, was ordered, and from that judgment the defendants Alyea & Hughes appeal.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Hector M. Hitchings, for appellants.
Hugo S. Mack, for respondent.

HATCH, J. The purchase-money mortgage for the sum of $14,000, given by Judson to Cole, and by the latter assigned to the plaintiff, was unaffected by any conditions of any character, or by any collateral engagements of Cole to Judson or to any other person. When plaintiff consented to discharge that mortgage, he received no consideration for so doing, except the mortgage of $17,000, which was made subordinate to the lien of the bank's mortgage. The legal effect of that transaction did not change the character of the mortgage security which plaintiff received in substitution of his purchase-money mortgage. The substituted mortgage remained a purchase-money mortgage to the extent of the sum secured by the first mortgage. Jones v. Parker, 51 Wis. 218, 8 N. W. 124; Austin v. Underwood, 37 Ill. 438. As to the present defendants, therefore, their lien, without regard to any equitable rights existing between Cole and Judson by virtue of their agreement, is made subject to the lien of the mortgage under the well-settled principles governing purchase-money mortgages. Spring v. Short, 90 N. Y. 538; Stow v. Tifft, 15 Johns. 457; Fisk v. Potter, *41 N. Y. 64. It was not pretended that the transaction was intended by any of the parties to work any other change in plaintiff's security than such as was necessary to make it subordinate to the lien of the bank's mortgage; but, as to the parties and all other subsequent incumbrances, it remained as though no change had been made. The evidence given upon the trial warranted the court in finding that default was made in payment according to the terms of the mortgage, and, with this established, the legal right to resort to the remedy of foreclosure was complete, and whether plaintiff exercised the right at once or delayed his right cannot be made the subject of complaint by the mortgagor or by the defendants here. To the extent, therefore, of the sum of $14,000,—and it is only to this extent that the right is sought to be exercised,—the

plaintiff has the sanction of law for his action, and was entitled to the judgment rendered herein.

We might well rest our decision here as a complete answer to defendants' claim. But the assertion is vigorously made that the agreement between Cole and Judson, when coupled with the provision as to payment contained in the mortgage, is, in effect, an agreement not to foreclose, which equity will enforce by denying foreclosure. The maturity clause of the mortgage is that the sum secured shall be due and payable on demand, or, in the alternative, on the 27th day of April, 1896. The evidence was sufficient to show that demand for payment was made, and the court so found. There is nothing in the agreement upon the subject of the foreclosure of the mortgage. How, then, can any reasonable claim be made that there existed an agreement not to foreclose? As between Cole and Judson, if there has been a breach of the contract to advance the sum of $3,000, we are unable to perceive how it can affect the plaintiff. He was not a party to the contract, and his mortgage was not subject to it. There was never any privity of contract between plaintiff and Judson, and the lien filed by defendants does not operate to the creation of that relation. In Alyea v. Bank (opinion not yet officially reported) (Sup.) 42 N. Y. Supp. 185, this question was fully considered, and it was there held that the defendants could not avail themselves of a breach of contract upon the part of the bank in failing to advance money to Judson. In that case the agreement was direct between Judson and the bank. The principle is decisive in the present case. Conditions which would not avail to obtain relief cannot be made effective to resist the assertion of a legal right where the right to relief and the assertion of the claim rest upon the same basis. But this case is still stronger, for here there was no privity of contract between plaintiff and Judson to advance any sum whatever. But, assuming that Judson has a legal claim against Cole, and that plaintiff is bound by notice of such claim, and that the defendants occupy Judson's position, it would not avail to defeat this foreclosure. At the most, the breach could only be set up by way of recoupment. Sandford v. Travers, 40 N. Y. 140. And even this right has been held to be limited to a recovery of nominal damages. Dart v. McAdam, 27 Barb. 187. But in this case there exists no right in the defendants to interpose any defense, for reasons already stated. If Judson has any remedy, it is by way of action against Cole for breach of contract. What right the defendants have in that connection we do not now consider. Much was said upon the argument in assertion of the existence of a conspiracy between Cole, Judson, and the plaintiff to foreclose this mortgage for the purpose of cutting off defendants' lien. Such claim found no support in the evidence, and the court found against it.

It follows that the judgment should be affirmed, with costs. All concur.