(78 Misc. Rep. 80.)

### HUBBARD v. LYDECKER et al.

(Supreme Court, Special Term, Westchester County.   October 28, 1912.)

1. MORTGAGES (§ 115*)—PURCHASE-MONEY MORTGAGES.
　　Plaintiff sold defendant a lot taking back a $1,500 purchase-money mortgage, subject to a $2,000 mortgage. Later plaintiff's mortgage was canceled, and in lieu thereof the mortgage in suit was taken, covering the same lot and another, subject to the $2,000 mortgage and an additional mortgage for $5,000, on the first-mentioned lot. *Held*, that the mortgage in suit was a purchase-money mortgage as to the first-mentioned lot.

　　[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 229; Dec. Dig. § 115.*]

2. MORTGAGES (§ 132*)—ADDITIONAL SECURITY.
　　The mortgage on the other lot being given only as additional security, the mortgage in suit is primarily a lien on the first-mentioned lot, and the other lot stands in the position of a guarantor of collection.

　　[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 259; Dec. Dig. § 132.*]

3. MORTGAGES (§ 564*)—PRIORITIES—MARSHALING SECURITIES.
　　A mortgagee having two lots as security will be compelled to satisfy his claim out of the proceeds of one of them, if sufficient for that purpose, as against another mortgagee who holds only the other lot as security for his debt.

　　[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1627; Dec. Dig. § 564.*]

4. MORTGAGES (§ 289*)—SALE OF PART of PROPERTY—RIGHT OF PURCHASER.
　　A purchaser of a lot on which there was a recorded purchase-money mortgage, which, also, covered another lot, as additional security, cannot complain against sale of his lot as the primary security on a marshaling of securities.

　　[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 789; Dec. Dig. § 289.*]

5. LIS PENDENS (§ 24*)—MORTGAGE FORECLOSURE.
　　Under Code Civ. Proc. § 1671, which provides that filing of notice of pendency of an action concerning land shall operate as constructive notice to purchasers, etc., service of an answer by a junior mortgagor in mortgage foreclosure, setting up a right to require plaintiff to sell a lot on which the junior mortgagor had no security, operated as notice to a purchaser of that lot; lis pendens having been filed.

　　[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. §§ 38–46; Dec. Dig. § 24.*]

Action by Crescens Hubbard against Jennie E. Lydecker and others.  Judgment for plaintiff.

Eugene F. McKinley, of White Plains, for plaintiff.
Clark & Close, of White Plains, for defendant Hustis.
Charles A. Dryer, of White Plains, for defendant Farrell.

TOMPKINS, J.   The mortgage being foreclosed by this action covers two lots in White Plains, one on Prospect street, and the other on Greenridge avenue.  On March 23, 1911, the plaintiff sold to the defendant Jennie E. Lydecker the Prospect street lot, subject to a $2,000 mortgage held by one Cameron; the plaintiff tak-

ing back from the defendant a purchase-money mortgage for $1,-500, payable on March 23, 1913, with interest at 6 per cent. payable on the first days of January and July. On April 15, 1911, the defendant Lydecker borrowed from Amelia Cameron $5,000, to be expended in the erection of a building on the Prospect street lot, giving back a mortgage for that amount. On the same day, the $1,500 purchase-money mortgage held by the plaintiff was canceled, and simultaneously with such cancellation the defendant Lydecker gave to the plaintiff the mortgage now being foreclosed. It differs from the purchase-money mortgage that was canceled only in date of execution, and the fact that it covers both the Prospect street and the Greenridge avenue lots subject to "two prior mortgages aggregating $7,000" on the Prospect street lot held by Amelia Cameron.

Later, the $5,000 mortgage was satisfied, and the defendant gave to the Home Savings Bank a mortgage for $14,000 on the Prospect street lot; the plaintiff executing a subordination agreement, making the mortgage now being foreclosed subordinate to that mortgage. The defendant Farrell purchased the Prospect street lot in May, 1912, at a foreclosure sale, under several mechanic's liens.

On January 8, 1912, the defendant Lydecker borrowed from the defendant Hustis $2,500, giving to him a mortgage for that amount, which is a lien on the Greenridge avenue lot alone. All these mortgages were promptly recorded. All parties having rights in the two lots subordinate to the plaintiff's mortgage now being foreclosed are parties to this suit.

[1] The contest here is between the defendant Hustis and the defendant Farrell; the former claiming that the Prospect street lot should be sold first, and that the Greenridge avenue lot should not be sold unless the Prospect street lot does not bring enough to pay the plaintiff's mortgage in full. The plaintiff takes a neutral position and is indifferent as to the order of the sale of the two lots. The evidence shows that before the plaintiff canceled the purchase-money mortgage held by him, and took the mortgage now being foreclosed, he had been asked to subordinate that purchase-money mortgage to Amelia Cameron's second mortgage for $5,000, and that he had refused to do so, insisting that the equity in the Prospect street lot, which would be subject to that purchase-money mortgage, would, in that event, not be sufficient security for the sum of $1,500; and for that reason the mortgage being foreclosed here was given him subordinating his lien to that $5,000 mortgage and giving him, as additional security, a lien on the Greenridge avenue lot. The mortgage being foreclosed therefore became a purchase-money mortgage as to the Prospect street lot. Price v. Alyea, 13 App. Div. 184, 43 N. Y. Supp. 355.

[2] The mortgage itself expressly states that it is a purchase-money mortgage, and being such as to that lot, and the lien on the Greenridge avenue lot being given only as additional security, the mortgage in suit is primarily a lien on the Prospect street lot,

and the Greenridge avenue lot stands in the position of a guarantor of collection. McNamara v. McNamara, 135 N. Y. Supp. 215; Erie County Savings Bank v. Roop, 80 N. Y. 591.

[**3**] The defendant Hustis is entitled to have this court apply the ancient rule that where a creditor has a lien upon two funds for the security of his debt, and another creditor has an interest in one of them, without any right to resort to the other, the first creditor will be compelled to take his satisfaction out of the fund in which he alone has an interest, if that be sufficient to pay his claim. Everston v. Booth, 19 Johns. 486; Ingalls v. Morgan, 10 N. Y. 178; McConnell v. Muldoon, 30 Abb. N. C. 352, 24 N. Y. Supp. 902; Quackenbush v. O'Hara, 129 N. Y. 485, 29 N. E. 958.

[**4,5**] The defendant Farrell is not in a position to complain against the sale of the Prospect street property first, as the primary security for the debt represented by the plaintiff's mortgage, because the said mortgage and the first purchase-money mortgage held by the plaintiff were on record at the time of his purchase of that property. In fact, the summons and complaint and notice of pendency of action in this suit had then been on file in the office of the clerk of Westchester county nearly three months. Hence it must be held that he took the Prospect street property subject to any equities that the defendant Hustis might establish in this action, and at the time of the Farrell purchase the answer of the defendant Hustis, setting up his right to have the Prospect street property sold first, had been served upon the plaintiff's attorney; and under section 1671 of the Code of Civil Procedure (the lis pendens having been filed) that was notice to Farrell of the claim made by Hustis, and he was bound thereby.

It seems to me that it must also be held that the defendant Hustis took his mortgage on the Greenridge avenue lot, knowing his right to have the Prospect street lot declared the primary security for the plaintiff's mortgage.

The plaintiff should have judgment of foreclosure and sale of the two lots, subject to the prior incumbrances; but the judgment must provide that the Prospect street lot be sold first, and that the Greenridge avenue lot be sold only in the event that the proceeds of the Prospect street property are not sufficient to pay the plaintiff's claim in full. Requests to find and proposed judgment of foreclosure and sale may be submitted within five days.