The Bowery Savings Bank, Plaintiff, *v.* Nosmo Realty Corporation and Others, Defendants.

Supreme Court, New York County, March 1, 1926.

Mortgages — surplus money proceeding — holder of lien junior to second mortgage on premises subject to foreclosure may not stay distribution of proceeds of foreclosure in surplus money proceeding pending prosecution of suit in equity to compel foreclosure on another parcel — petitioner should have seasonably sued to marshal assets.

Petitioner holding a lien junior to a second mortgage on premises which are owned by one of defendants herein and which are the subject of a foreclosure action, may not stay distribution of the proceeds of said foreclosure in a surplus money proceeding until a suit in equity is commenced to compel the same defendant to foreclose on another parcel and marshal the securities, for the reason that a marshaling proceeding can only be had in an action for that purpose, where the whole fund resulting from the sale of all the parcels is under the control of the court and all the parties interested are before the court; petitioner might have obtained the relief asked had it seasonably begun a suit to accomplish marshaling.

Motion to stay distribution of proceeds of foreclosure in a surplus-money proceeding until petitioner can prosecute suit to compel defendant holding a mortgage, which is a prior lien, to foreclose same and marshal the securities, and motion to confirm report of referee.

*Solon B. Lilienstern* [*Samuel D. Lasky* of counsel], for the defendant Frederick Construction and Engineering Company.

*Saul J. Baron,* for the defendant Roth.

Proskauer, J. The petitioner, Frederick Construction and Engineering Company, has a lien junior to a second mortgage of defendant Roth on premises 15 West Thirty-first street, which are the subject of this foreclosure action. The second mortgage covers also property on One Hundred and Seventieth street in The Bronx. The petitioner asks that the distribution of the proceeds of the Thirty-first street foreclosure in a surplus-money proceeding be stayed until he can prosecute a suit in equity to compel Roth to foreclose on the Bronx property and marshal the securities.

In *Quackenbush* v. *O'Hare* (129 N. Y. 485) it was held that marshaling could be accomplished only in an action for that purpose where the whole fund resulting from the sale of all the pieces of property is under the control of the court and all the parties interested are before it.

Had the petitioner seasonably begun its suit to accomplish

marshaling, it is possible that it might have obtained some such result. Instead, it litigated the defendants' rights and only after the conclusion of the surplus-money proceedings and the making of a motion to confirm the referee's report therein does it now seek in that foreclosure action to secure relief.

Both as a matter of law and of discretion the motion must be denied. Order signed.

The motion to confirm the referee's report is granted. Settle order on notice.