The Bowery Savings Bank, Plaintiff, *v.* Nosmo Realty Corporation and Others, Defendants, Impleaded with Frederick Construction and ⋅Engineering Company, Appellant, and Philip Roth, Respondent.

First Department, November 5, 1926.

Mortgages — surplus money proceedings — appellant has lien on property subject to mortgage — mortgage covers another piece of property also — surplus arose out of foreclosure of prior mortgage — motion to stay distribution of surplus pending action to marshal assets — distribution of surplus money is stayed — appellant not prejudiced by delay in litigation before referee in surplus money proceeding.

The appellant, who holds a mechanic's lien against a certain piece of property which has been sold in foreclosure proceedings instituted by a prior mortgagee, in which a surplus remains undistributed, is entitled to an injunction restraining the distribution of the surplus money pending the determination of an action

brought by the appellant against the respondent, who holds a mortgage covering the property in question and also another piece of property, to marshal assets, for it appears that the equity in the other piece of property is apparently sufficient to meet the mortgage of the respondent, and that the owner of the property against which the appellant's lien exists is a corporation that is insolvent and that there is some evidence that another mortgage on the property covered by appellant's lien was given to one C. without consideration and for the purpose of cheating the appellant out of its claim.

The appellant did not prejudice itself by the delay incident to its litigating its rights before the referee in the surplus money proceeding, for if it had been determined in that proceeding that the mortgage given to C. was prior to the mechanic's lien, it would not have been necessary for the appellant to proceed herein.

APPEAL by the defendant, Frederick Construction and Engineering Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of March, 1926, denying said defendant's motion for a stay of distribution of surplus money in this action, now in the hands of the chamberlain of the city of New York, pending the determination of an action brought by the appellant against the respondent and others, to marshal assets, and for judgment staying the respondent in his efforts to realize out of that surplus money until he has resorted to other securities held by him for his debt.

*Samuel D. Lasky* of counsel [*Solon B. Lilienstein,* attorney], for the appellant.

*Saul J. Baron,* for the respondent.

MARTIN, J.  The appellant has a mechanic's lien against No. 15 West Thirty-first street, amounting to the sum of $12,418.  The respondent holds a mortgage of $30,000 on the same property which mortgage also covers another piece of property located at One Hundred and Seventieth street and Charlotte place, borough of The Bronx, where, it is alleged, it attaches to an equity of over $45,000.  A prior mortgage on the Thirty-first street premises was foreclosed in this action and a surplus of over $23,000 created by that foreclosure.  Claims were filed for that surplus by the appellant and by the respondent.  One Max Cohen also holds a mortgage of record for $20,000 against the Thirty-first street property.  In the surplus money proceeding apparently it has been determined that the Max Cohen mortgage of record is subordinate to the mechanic's lien.

The appellant contends that the respondent should be required to proceed to satisfy his claim out of that part of the security upon

11

First Department, November, 1926.                    [Vol. 218

which the appellant has no claim, the parcel in the borough of The Bronx, before resorting to the only security available to appellant.

An action has been commenced in this court for the purpose of having it decreed that the respondent Roth proceed to foreclose the mortgage held by him in order that the property on Charlotte place covered by that mortgage may be sold and the proceeds applied on the indebtedness to Roth, his claim to the surplus money in this action to be limited to the balance of such indebtedness. It is also sought to stay the surplus money proceeding pending such realization from the property in the borough of The Bronx.

When one creditor has a lien upon two funds for the security of his debt and another creditor has an interest in one only of those funds without any right to resort to the other, equity will compel such a satisfaction that both parties may so far as possible escape without loss. (Pom. Eq. Juris. [4th ed.] § 1414; *Ingalls* v. *Morgan,* 10 N. Y. 178.) In applying this principle, certain limitations have been imposed, and respondent here stands on what is said in the opinion in *Quackenbush* v. *O'Hare* (129 N. Y. 485). That is not a precedent directly in point. This appellant has brought a separate action in equity and there are elements supporting its appeal for the intervention of the court which were not present in the cases referred to by counsel for respondent.

It appears that the debt for which appellant has a mechanic's lien is owing from the Nosmo Realty Corporation, which is alleged in the complaint to be insolvent. Title to the Charlotte place property has come to a woman named Cohen. This name appears in various connections in relation to these two parcels of realty. From the papers, including the testimony taken before the referee in the surplus money proceedings, read in opposition to the motion, there is much more than a suggestion of identity of interest between the apparently defunct Nosmo Realty Corporation and the Cohens. By the complaint in the action brought by appellant to protect itself in the present situation so that it may not lose the balance of $12,000 due for its work, while the real debtors take the Bronx property free of the Roth mortgage, it is alleged that the Nosmo Realty Corporation made the Max Cohen mortgage against the Thirty-first street property without consideration and for the purpose of avoiding plaintiff's claim.

By denying this application the court might possibly be assisting the respondent to help such debtors escape payment to appellant of the balance of $12,000 for its work and materials furnished to them under the guise of the Nosmo Realty Corporation. Although there appears to have been a failure to pay interest and an install-

ment of principal due according to the Roth mortgage in April, 1925, no action to foreclose appears to have been commenced.

The distribution of the surplus money may be properly stayed and should be here, in view of the situation disclosed. The effect will be to preserve the fund intact until a court of equity can pass upon the rights of the parties and take such action as may be necessary to forestall respondent's proceeding in a manner which will deprive appellant of the amount of its lien, to the benefit, apparently, of the persons who still owe the $12,000 to appellant.

At Special Term the court evidently thought that appellant had prejudiced itself by the delay incident to its litigating its rights before the referee in the surplus money proceeding. (See 127 Misc. 82.) This view, however, overlooks the fact that this mechanic's lienor would have nothing to protect if the Max Cohen mortgage had been found to be superior to appellant's lien. When it was otherwise decided the action in equity was brought.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for a stay of distribution of the surplus money granted, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.